## Raymond W. McLaughlin v. Elwin N. Blake

[136 A2d 492]

September Term, 1957.

Opinion Filed November 5, 1957.

*Ernest E. Goodrich* for the plaintiff.

*Witters, Longmoore and Akley* for the defendant.

**Hulburd, J.** This case was heard below on the pleadings. The plaintiff, Raymond W. McLaughlin of Lunenburg, Vermont, brought an action of tort against the defendant, Elwin N. Blake of Lyndon, Vermont for negligence in the operation of a motor vehicle. The complaint alleges that due to the defendant's negligence the plaintiff was injured in an automobile accident occurring on December 18, 1952 at a point in southern Quebec, Canada. The defendant pleaded in substance that the accident took place more than a year

prior to the bringing of the plaintiff's writ and that by Article 2262 (set out) of the Civil Code of the Province of Quebec in conjunction with other articles including Article 2267 (set out) the cause of action was "prescribed by one year" and that thereafter it was "absolutely extinguished and no action can be maintained after the delay for prescription has expired." To this the plaintiff replied that the provisions of the articles quoted by the defendant were not statutes extinguishing liability, but were simple statutes of limitation, and were of no force in this jurisdiction and that this action was "to be determined by the laws of this forum" as "in all matters pertaining to remedial as distinguished from substantive rights." The plaintiff also pleaded a separate "plea of estoppel," the determinative allegations of which are as follows: that following the accident, the plaintiff's attorney entered into correspondence with the American Fidelity Company of Montpelier, Vermont, purporting to act in behalf of the defendant, regarding the claim that the plaintiff was asserting against the defendant; that conferences with adjusters for the insurance company followed on October 6, 1953 and November 18, 1953 and that at this latter conference an adjuster for the company stated "that there was no question about the liability of the defendant **** but that the real question **** was how much money should be paid by the American Fidelity Company to the said Raymond W. McLaughlin to compensate him for the damages he sustained as a result of the injuries caused by the gross negligence of the said Elwin N. Blake on the 18th day of December, A. D. 1952, **** that the American Fidelity Company on behalf of the defendant was going to make a compromise settlement of the claim, but wanted to wait a further period of time to see if the plaintiff would improve in respect to his serious neck injuries and also to see if the plaintiff's heart condition would improve. He asked Ernest E. Goodrich, attorney for Raymond W. McLaughlin, to defer the bringing of a law suit against Elwin N. Blake until the American Fidelity could make a satisfactory compromise of the said claim out of Court **** That Raymond W. McLaughlin deferred bringing a suit against the defendant, Elwin N. Blake, because of

the promises, representations, statements, overtures, requests, conduct and negotiations for compromise which were being carried on with Ernest E. Goodrich, attorney for Raymond W. McLaughlin by the American Fidelity Company for and on behalf of Elwin N. Blake **** That the equitable Doctrine of Estoppel should be applied to prevent a fraudulent or inequitable resort to the Statute of Limitations as alleged in the defendant's plea **** and that the defendant **** should be estopped to assert the Statute of Limitations and other matters set forth in Defendant's Pleas in said cause."

With the pleadings standing as stated, the court below allowed the defendant's plea of the statute of limitations and denied the "plaintiff's plea of estoppel" with exceptions to the plaintiff on all grounds. Judgment was then entered for the defendant to recover his costs with exceptions to the plaintiff on all grounds.

■ So far as the plaintiff's replication is concerned, little need be said. It is enough to state that his argument that the article in question of the Civil Code of Quebec is not a statute of extinguishment cannot stand. The Canadian courts in *Canadian Pacific Ry.* v. *Robinson*, 19 S. C. R. 306, have held to the contrary. Moreover, the very provision was before this Court in *Osborne* v. *Grand Trunk Ry. Co.*, 87 Vt 104, 88 A 512, and it was there determined to be a statute of extinguishment. By such a statute, it was held that the law of the state which has created the right has determined not merely the existence of it but its extent. "From this it logically follows that, if under the *lex loci* no right of action was created, or if none there exists, then none exists anywhere, and none can be prosecuted in another jurisdiction." *Osborne* v. *Grand Trunk Ry. Co.*, *supra*, at page 109. To the same effect is *Tarbell* v. *Grand Trunk Ry. Co.*, 94 Vt 449, 111 A 567. See also 53 CJS, Limitation of Actions, at page 975 (note 23) for list of cases supporting the rule stated by our cases.

The plaintiff, however, does not rely on his replication alone. He has pleaded as a separate ground that the defendant is estopped from asserting the articles of the civil

code providing for the extinguishment of actions of this sort. This raises a question not previously passed upon in this jurisdiction. Can a defendant be estopped from interposing this sort of a statute of limitation, and if so, do the plaintiff's allegations in this case, if taken as true, furnish an adequate ground for estoppel?

■ ■  At the outset it is well to have in mind that as against the ordinary statute of limitations, the doctrine of estoppel in pais may be applied to prevent a fraudulent or inequitable resort to such a statute.  34 Am Jur 412; *Carruth* v. *Fritch*, 36 Cal2d 426, 224 P2d 702, 24 ALR2d 1403, 1413 (supplementing 130 ALR 8); *Burton* v. *Stevens*, 24 Vt 131; see also note in 48 ALR2d 1069, 1079.  Its availability for this purpose in this jurisdiction is not confined to equity, but is equally proper in an action at law.  *International Paper Co.*, v. *Bellows Falls Canal Co.*, 88 Vt 93, 100, 90 A 943; *Matthews* v. *Drew*, 106 Vt 245, 248, 172 A 638.

The defendant does not question the foregoing but points out that we are not concerned with a statute of limitations but with a statute of extinguishment.  Under such a statute, he argues, "the remedy is not only barred, as in the case of a statute of limitations, but it is 'absolutely extinguished.' It is not merely sleeping—it is dead.  It has no more life than if it had never existed.  The breath of life cannot be restored to it by fraud, estoppel or even by express waiver."

The defendant's position is not without considerable logic and finds support in numerous cases.  See *Bement* v. *Grand Rapids & I. R. Co.*, 194 Mich. 64, 160 NW 424, LRA 1917E, 322.  See also notes in 77 ALR 1039, 1050, 130 ALR 1, 15, and 24 ALR2d 1413, 1417, together with cases cited.

In rather a recent case, *Scarborough* v. *Atlantic Coast Line R. Co.*, 178 F2d 253, 15 ALR2d 491, certiorari denied, 339 US 919, 70 S Ct 621, 94 L Ed 1343, an inclination to get away from what might be termed the "traditional view" is found.  In this case the plaintiff was a minor claiming under the Federal Employers Liability Act.  The defendant, through its claim agent, requested the plaintiff to defer making his claim for damages and filing suit thereon until after he

reached the age of twenty-one when the extent of his injuries could be determined. The plaintiff did as requested, and, without knowing it, allowed the time for bringing suit to expire. The plaintiff claimed that under the facts set out the defendant was estopped from pleading the three year statute of limitations prescribed by the Act as a bar to his action. The lower court sustained the defendant's position on the ground that while the principles of estoppel would apply if the ordinary remedial type of statute of limitations were involved, these principles could not be applied where, as here, the statute is the substantive type. On appeal the case was reversed, the court refusing to be bound by the legalistic distinction between the two types of statutes of limitation which it stated were based on a "narrow technical distinction." The court, in reaching this conclusion, pointed out that in *Osbourne* v. *United States*, 164 F2d 767, it had been decided that the period of limitations in a substantive statute of limitations was extended for the time during which the plaintiff was interned by Japan during World War II. The Court went on to say at page 259, "If, as those cases decided, there is one exception (war), surely the infinite variety of human experience will disclose others. Those cases demonstrate that a claim under the Act is not a legal child born with a life span of three years, whose life must then expire, absolutely, for all purposes and under all circumstances **** We cannot see a distinction and a difference, so clear and so real, between the two classes of statutes of limitations—the remedial and the substantive—as to justify the courts in fully giving effect to fraud in tolling the statute in one type (remedial) and then flatly denying that effect to fraud in the other type (substantive)."

We think that this position is well taken, and we do not care to adopt the defendant's contention to the contrary, supported as it is by the greater weight of authority. In following the Scarborough case, we are not restoring the breath of life to something which is dead. We are simply saying that in some circumstances a defendant will not be heard to say that it *is* dead. In other words, the defendant

by his conduct may be estopped to plead a statute of extinguishment, and, being foreign law as it is here, it will not plead itself and so can not make itself felt in the case. For cases reaching the same result see annotation in 15 ALR2d 500.

This brings us to the remaining inquiry in this case: assuming that estoppel may be available, has this particular plaintiff alleged sufficient facts to entitle him to the benefit of it? To assist in arriving at an answer to this question, we turn to analogous cases where the statute of limitations is involved. *Howard* v. *W. Jersey & S. S. R. R. Co.*, 102 N. J. Eq. 517, 141 A 755, was a suit seeking an injunction to restrain the defendants from interposing a defense of the statute of limitations in the law court. The plaintiff's basis for the relief sought was that the claims investigator of the defendant called at the home of the plaintiff, following the accident giving rise to the pending action, and stated it would be unnecessary for the plaintiff to employ an attorney, that any consideration of the amount to be paid by the defendant could not be intelligently had until it could be ascertained with greater certainty whether the injuries sustained were permanent. The investigator's superior, knowing of the statute of limitations, requested the plaintiff to delay bringing his action. The plaintiff complied unaware that the statute was soon to expire. The chancery court laid down the following principle: "One cannot justly or equitably lull his adversary into a false sense of security and thereby cause his adversary to subject his claim to the bar of the statute, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." The court went on to say at page 521: "It is not essential that the representation or conduct giving rise to its application (i. e. estoppel) should be fraudulent in the strictly legal significance of that term, or with intent to mislead or deceive; the test appears to be whether in all the circumstances of the case, conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect."

Adopting this test and applying it to the case at hand, we assume the facts pleaded, namely, that the American Fidelity Company and its representatives were acting on behalf of the defendant, that in this capacity they told the plaintiff in regard to his claim against the defendant that there was no question about the liability of the defendant and requested the plaintiff to defer bringing suit in order that the extent of the plaintiff's injuries might better be determined for a compromise settlement, and that because of the request of the representatives of the Company, as stated, the plaintiff did defer bringing his suit until May 7, 1954. The last interview between the plaintiff's attorney and the Company's representatives was alleged to have taken place on November 18, 1953, which was one month prior to the date upon which the right of action would have expired.

As the case was presented to the trial court on the pleadings, we hold that it was error for the trial court to allow "the defendant's plea of statute of limitations" and to deny the estoppel pleaded by the plaintiff, and thereby render judgment for the defendant. To be sure there are matters of proof which the plaintiff will have to meet including a showing by him that he did not refrain from bringing his action for a period extending beyond the time within which the inducement for delay was operative. An estoppel is effective only so long as the plaintiff reasonably relies upon the defendant's representations as an excuse for not instituting the action. *Holman* v. *Omaha & C.B.R. Bridge Co.*, 117 Ia 268, 90 NW 833, 62 ALR 395; see also note in 130 ALR 1, 19. We cannot say as a matter of law upon the pleadings that the plaintiff's delay exceeded such a period. It may be that when this case is heard a greater delineation of circumstances will assist in this determination.

*Judgment reversed and cause remanded.*