Carl W. Peterson, J.
The plaintiffs instituted an action based on negligence arising out of an automobile . accident between a car operated by the plaintiff, Lois Croop, and an automobile operated by the defendant, Helen Odette. The accident occurred on the 21st of December, 1956, and this action was commenced on February 23, 1960.
*607 The defendant was insured in the Allstate Insurance Company and after the accident various employees of the company talked to the plaintiff, Lois Croop, about the case. Further discussion of that phase of the matter will follow later.
After plaintiffs ’ action was instituted, and without answering in the action, the defendant made this motion to dismiss the complaint on the ground that the action was not commenced within the three-year period of time, after which the defense of bar became available to the defendant by reason of the Statute of Limitations.
The plaintiff, Lois Croop, opposes the motion on the ground that, owing to the representations made to her by the employee of the insurance company, she was prevented from instituting her action in time, and so the defense of bar may not be successfully interposed in the action. Such a plea is known as estoppel in pais and is well grounded in our jurisprudence.
The plaintiff, Lois Croop, claims, in substance, in her affidavit in opposition to this motion that various employees of the insurance company came to see her, told her that liability of the company’s insured was absolute and that she was to be paid for the losses sustained by herself and her husband, Erston Charles Croop, who joins her as coplaintiff in this action. She says that she relied on the promises of the company’s employees and refrained from instituting action at the specific request of the company’s employees, and that after three years had passed the company refused to pay her claim and she then sought counsel and this action was commenced.
This court is of the opinion that the defense of estoppel in pais is available to the plaintiffs to meet the defense of the Statute of Limitations raised by the defendant in this action. This premise will be discussed further on.
As the court views this motion, an impediment here to a decision by this court is one of procedure. There can be no doubt but that the defendant may raise the issue of the Statute of Limitations, but by doing it as she has, by motion, she seeks in effect summary judgment, thus depriving plaintiffs from asserting their equitable defense thereto. Far better practice will be for the defendant to interpose her defense by answer to which the plaintiffs may reply and all the issues will be before the court in one action for trial at a later time, that is, the issue of negligence, the issue of limitation of time, and the issue of estoppel. (See Civ. Prac. Act, §§ 242, 243, 272.)
While the court has found no authority in exact point in New York State which recognizes equitable estoppel as a defense to a plea in bar based on a Statute of Limitations interposed *608 as a defense in a negligence action, the case of McLaughlin v. Blake (120 Vt. 174) is in point, and if that decision had been rendered in this State, this motion could be decided under the rule of stare decisis.
In the McLaughlin v. Blake case (supra), decided by the Supreme Court of the State of Vermont, a plaintiff sued in negligence arising out of an accident occurring in Canada. The defense of failure to sue in time was interposed. The plaintiff entered a plea of estoppel and with all issues before the trial court, a decision was rendered dismissing the complaint. On appeal to the Supreme Court this decision was reversed and the cause was remanded for trial.
The decision of the appellate court is based on the availability to a plaintiff of the affirmative defense of estoppel against a defendant who raises the defense of bar of the cause of action based on negligence on the ground of a statute of time limitation. The McLaghlin v. Blake case (supra) cites other authority in other jurisdictions.
Certain it is that our own law is not so vulnerable as to prevent plaintiffs from offering their proof as to equitable estoppel to defendant’s plea in bar of her action.
The court, in the absence of exact authority in this jurisdiction, will follow the decision of the Supreme Court of Vermont and hold that equitable estoppel is available to these plaintiffs in their action to defeat the defense of the Statute of Limitations. The affidavits of the plaintiffs before the court on this motion show sufficient facts to make out a case of estoppel, if proved, on trial.
While the court has found no authority in this State in exact point for this decision, our case law shows that the point has been decided in principle before. There are different pleas by which the Statute of Limitations may be defeated. (See Hubbell v. Fowler, 1 Abb. Prac. [N. S.] 1.) The above-cited case, while ancient, expresses the law applicable today in situations such as this one. Also, it points the way to the decision of this court. In the instant case, the plaintiffs could have elected to set out their causes of action for negligence and their plea of avoidance for failure to institute suit within the time prescribed by law in one complaint. (See 3 Carmody, New York Practice, p. 2160 et seep under title “ The Answer and the Reply”; see, also, Avery v. New York Cent. & Hudson Riv. R. R. Co., 24 N. Y. St. Rep. 918, affd. 117 N. Y. 660.)
But a reply will suffice to apprise the defendant of plaintiffs ’ defense to her plea in bar of their action. "(See Rubin v. Koppel-man, 263 App. Div. 733.) This is a case in the Appellate Divi *609 sion, Fourth Department, which indicates that in a situation involving the affirmative defense of bar by reason of the Statute of Limitations, such defense may be raised by either a motion or by facts disclosed on trial. In the decision made by this court in the instant case no advantage has been lost by the defendant by the denial of her motion, and the facts on the trial can disclose the real situation existing after the pleadings are closed after service of the answer and reply. (Rubin v. Koppelman, supra.)
Order shall provide for a dismissal of defendant’s motion, with leave to plead the Statute of Limitations anew in her answer and that the plaintiffs shall reply to defendant’s affirmative defense in bar setting forth her plea in avoidance thereof.