## Caledonia Sand & Gravel Co., Inc. v. Peter J. Campbell

[260 A.2d 221]

No. 37-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 2, 1969

*John A. Swainbank* and *Robert A. Gensburg,* St. Johnsbury, for Plaintiff.

*Theriault & Joslin* and *Sten Lium,* Montpelier, for Defendant.

**Keyser, J.** The plaintiff seeks to recover damages to its automobile which resulted from a collision with a car driven by the defendant on US Route 5 in Coventry, Vermont, on May 18, 1963. Plaintiff's president, A. Douglas Wood, was operating its car and received some personal injuries from the accident.

The defendant pleaded the statute of limitations, a three-year period in this case. The plaintiff replied that defendant was estopped to plead the statute for the reason that plaintiff "refrained from bringing his (sic) Writ and Complaint within the period of limitations solely because of a request by the insurer of the defendant while other correlative (sic) matters were being settled."

Trial was by jury. Defendant moved for a directed verdict at the close of the plaintiff's case and again at the close of the evidence. The majority of the court, the presiding judge dissenting, denied each motion. The jury returned a verdict for the plaintiff for $1430.00 and defendant appealed.

The first ground of defendant's motion was that the plaintiff had failed in its proof that defendant is estopped from pleading the statute of limitations. The defendant contends that the denial of his motion on this ground was error. By its denial of defendant's motion the court ruled as a matter of law that the evidence, viewed in the light most favorable for the plaintiff, tended to support a plaintiff's verdict. *Berry* v. *Whitney,* 125 Vt. 383, 385, 217 A.2d 41.

In November 1964, Mr. Wood brought suit against this defendant to recover damages for the personal injuries which he suffered from the accident. That suit was settled without trial in March, 1967. Thereafter, on July 6, 1967, plaintiff brought the action at bar to recover damages to its automobile which was slightly over four years after its action accrued.

The plaintiff claims the adjuster for defendant's insurance carrier made statements and representations which caused it to refrain from bringing suit until after the insurer settled the claim of Mr. Wood for his personal injuries. The defendant argues that the evidence does not preponderate to establish estoppel in pais to its defense of the statute of limitations.

Thus, the controversy revolves around, and is to be settled by, what the testimony shows concerning the representations made by the insurer's adjuster to the plaintiff's officers. The question is whether the evidence affords a reasonable basis in law for plaintiff's delay in bringing its suit.

The conversations by the insurer's adjuster were with Mr. Graham, the treasurer of the plaintiff, and its president, Mr. Wood. Shortly after the accident, in May or June 1963, the adjuster, a Mr. Guilmette, came to plaintiff's office to talk with Mr. Wood about his personal injury claim. Mr. Graham testified that at that time "I asked him why he couldn't settle the property damage with me since there was no question about that, and he told me that he couldn't settle one without the other." There were no other conversations between Mr. Graham and Guilmette between that time and July 1967. Graham, who was handling plaintiff's claim, knew that the Wood suit was brought in November 1964. He did nothing further about plaintiff's claim and waited before pressing the claim until after that suit was settled. Then this suit was brought. He further testified that "We couldn't settle the property damage until personal injury was settled."

Mr. Wood testified that at the time Guilmette talked with him about his personal injury claim, he (Mr. Wood) "indicated to him, 'Why can't we settle for the damage to the automobile?' And he told me we could not settle for the damage to the automobile until the personal injury had been taken care of."

Mr. Wood had several conversations with Guilmette before bringing his suit in November 1964, but he did not see Guilmette about this matter after August 1964. He "asked him (Guilmette) several times when the damage would be taken care of, and he kept putting me off and he kept insisting that the injuries have got to come first, and the company had made no decision, and always insuating (sic) that this had to come first and damage to the car later, after it was settled."

Wood had his suit for injuries brought when he "couldn't get anywhere with Mr. Guilmette."

The testimony of Mr. Guilmette is that the last time he saw Wood concerning the automobile accident was in August 1964. Up to that time he had talked with Mr. Wood about both claims and had indicated that he could not settle one without settling the other, this being the standard practice in the industry at that time.

On the undisputed facts, it is clear that the statute of limitations was well pleaded by the defendant unless the plaintiff was entitled to the benefit of the doctrine of estoppel. This brings us to the question of whether the plaintiff has proved sufficient facts to support its claim to obtain the benefit of it.

■  As against the ordinary statute of limitations, the doctrine of estoppel in pais may be applied to prevent a fraudulent or inequitable resort to such a statute. It is available not only to equity but also in an action at law. *McLaughlin* v. *Blake*, 120 Vt. 174, 177, 136 A.2d 492.

■■  The doctrine of estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice, and its purpose is to forbid one to speak against his own act, representations, or commitments to the injury of one to whom they were directed and who reasonably relied thereon. 28 Am.Jur. 2d, Estoppel and Waiver, § 28. Such party is under the duty to exercise reasonable care and diligence. In the absence of either a promise or any misrepresentation or concealment of a fraudulent character, there cannot be an equitable estoppel precluding the defendant from setting up the bar of limitations. 53 C.J.S., Limitation of Actions, § 25.

The test adopted by this Court in *McLaughlin* v. *Blake*, *supra*, at page 179 is: "(W)hether in all the circumstances of the case, conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect." The Court also held at page 180: "An estoppel is effective only so long as the plaintiff reasonably relies upon the defendant's representations as an excuse for not instituting the action."

■ Applying the test to the facts shown by the evidence, it is clear that there was never any promise made by defendant's insurance adjuster either to pay or to amicably settle plaintiff's claim. Nor were any offers to settle made. We find no evidence of a request that plaintiff not bring, or defer in bringing, suit on its claim, or of any statement made which could have induced a forbearance by plaintiff not to sue. The evidence is only that the insurance adjuster acting for the defendant could not settle the plaintiff's claim until Mr. Wood's claim for personal injuries was settled. Plaintiff's allegation in his plea of estoppel that it refrained from bringing suit solely because of a request by the defendant's insurer is not sustained by the evidence.

The plaintiff states in its brief that "The Plaintiff did not sue until after March 1967, because it believed that the insurance company would discuss settlement after the Wood suit was settled." To discuss settlement is one thing and an agreement to settle is quite another.

The talks between the adjuster and Wood broke off before Wood brought his suit. The inference is that the parties could not agree on an amicable settlement thereby forcing Wood to sue. This situation raised a warning sign indicating the danger that Mr. Wood's claim might well take some time before its termination. Treasurer Graham and Mr. Wood each knew what the circumstances were but did nothing about the company's claim. Significantly, there were no talks between the adjuster and plaintiff's officers after Wood brought suit. The latter had no right to rely on what the adjuster said after it became apparent to Wood that he was going to have to sue on his claim to compel action by the insurer.

We find no conduct or statements on the part of the adjuster upon which the plaintiff's officers had a right to rely as a cause for refraining to bring suit within the statutory period. Nor can it be said that they were misled by what occurred.

Applying the test of estoppel to the case at hand, we hold that the evidence fails to establish the essential elements of estoppel thus denying the benefit of the doctrine to the plaintiff. See *McLaughlin* v. *Blake, supra; Burke* v. *Blair,* (Ky.) 349 S.W.2d 836; *Rupley* v. *Huntsman,* (Col.) 324 P.2d 19; *Lobrovich* v. *Georgison,* (Cal.) 301 P.2d 460.

The statute of limitations precludes the recovery on the evidence presented and the defendant's motion for a directed verdict should have been granted.

*Judgment reversed; judgment for defendant.*