### Carlyle D. Perry v. David S. Johnson

[306 A.2d 680]

No. 188-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

Motion for Reargument Denied July 11, 1973

*McNamara, Fitzpatrick, Sylvester, Farrell & Maley,* Burlington, for Plaintiff.

*Richard E. Davis Associates,* Barre, for Defendant.

**Shangraw, C.J.** This is a suit seeking damages for personal injuries and expenses resulting from an automobile accident which occurred in East Montpelier, Vermont, on December 11, 1964. Suit was commenced by the plaintiff on November 20, 1968, by a writ returnable to the Washington County Court. Following pleadings by the parties, on May 25, 1971, the court below separated the issues and heard the issue raised by defendant's plea of the statute of limitations, 12 V.S.A. § 512, and plaintiff's plea and contention that the defendant was estopped from claiming the benefit of the statute.

Lengthy findings of fact were made June 8, 1971. The court held that the defendant and his insurer, Peerless Insurance Company, were estopped from claiming the benefit of the statute of limitations. Defendant's motion to dismiss the action based on the statute was dismissed. Defendant sought permission to appeal from this ruling by the court which was denied. The case was heard thereafter by the court on the question of damages and judgment entered on November 22, 1971, in favor of the plaintiff to recover damages of $50,000.00. Defendant has appealed to this Court for review.

No claim is made in this Court as to the absence of liability on the part of the defendant nor the propriety of damages awarded. The suit in question was brought nearly four years after the date of the accident. The statute, 12 V.S.A. § 512, upon which defendant relies provides that actions of the character such as here, shall be commenced within three years after the cause of action accrues. The decisive question for review is whether or not the record supports the plaintiff's claim that the defendant is estopped from invoking the statute of limitations as a defense to this action.

As a result of the hearing held by the trial court on May 25, 1971, on the issue as to whether or not the defendant was estopped from claiming the benefit of the statute of limita-

tions, findings of fact were made. These findings reveal the following.

The accident occurred on December 11, 1964, and as a result thereof the plaintiff was injured, hospitalized, incurred medical bills and loss of wages. At the time of the accident plaintiff was on the business of his employer, Texas Pyrofax Gas Company. The Continental Insurance Company of New York was the workmen's compensation insurer of plaintiff's employer and paid the plaintiff sums amounting to $20,507.90. This was paid to plaintiff's attorney, Fletcher Joslin, Esq., which matter was concluded on August 30, 1967.

The defendant was insured for liability coverage by the Peerless Insurance Company. Under the policy the total limit of coverage in this accident was $10,000.00.

Pursuant to the Workmen's Compensation Laws of the State of Vermont, 21 V.S.A. § 624, the Continental Insurance Company is subrogated to the plaintiff's rights against the defendant to the extent of its payment to plaintiff.

Philip H. Butterfield, Jr., claims manager of Continental Insurance Company, and G. W. Carruth, claims adjuster for the Peerless Insurance Company, were in correspondence with each other concerning the matter in dispute on September 12, 1966, and again on September 29, 1967.

On October 9, 1967, Mr. Carruth wrote to Mr. Butterfield stating that upon releases being signed by the plaintiff and the Continental Insurance Company, Peerless Insurance Company would forward a draft to Continental for Ten Thousand Dollars ($10,000.00).

Subsequent to October 9, 1967, Mr. Butterfield and plaintiff's attorney, Fletcher Joslin, Esq., attempted to secure signed releases from the plaintiff but never obtained the same.

The statute of limitations, as far as this particular accident was concerned, expired at midnight on December 10, 1967. Mr. Carruth contacted attorney Joslin on January 8, 1968, again on March 12, 1968, and also on April 25, 1968, in an attempt to obtain the releases. The releases were not received and on July 22, 1968, Mr. Carruth wrote to his home office indicating that the statute of limitations had expired and inquired as to whether or not payment should be made as agreed without obtaining the release from the plaintiff.

Thereafter, on August 14, 1968, Peerless Insurance Company, in a letter from Mr. Carruth to Mr. Butterfield, denied liability by reason of the statute of limitations. This was reiterated in a letter dated October 14, 1968. Between these dates, on September 10, 1968, Peerless requested further information from Continental and stated "We will be in touch with you."

By finding 18 the court determined that neither the Peerless Insurance Company nor the defendant ever affirmatively told the Continental Insurance Company or the plaintiff that they would waive the statute of limitations, and no one conversed about this statute until the above referred to letter of August 14, 1968, from Mr. Carruth to Mr. Butterfield, in which Peerless Insurance Company denied liability by virtue of the statute.

The findings conclude by stating:

"19. That the Peerless Insurance Company by the conduct of its claim agent, [G.] W. Carruth, both by correspondence and telephone contacts with Continental Insurance Company and with Attorney Fletcher Joslin, indicated at all times from October 9, 1967 to August 14th, 1968 that they would be willing to settle said claim and forward a draft of Ten Thousand Dollars ($10,000).

20. That the Peerless Insurance Company by representing that they would settle said claim for Ten Thousand Dollars ($10,000) as aforesaid induced the Plaintiff and/or the Continental Insurance Company to forbear bringing suit.

21. That the Peerless Insurance Company on the grounds of public policy, fair dealing, good faith, and in justice, and to prevent an inequitable result, and also, the Defendant, is now estopped from claiming the benefit of the Statute of Limitations, *McLaughlin* v. *Blake*, 120 Vt. 174, 177; *Caledonia Sand & Gravel Co.* v. *Campbell*, 260 A.2d 221, 223–24."

The instant case requires this Court once more to consider the effect of the expiration of a statute of limitations during a period of negotiations in an attempt to settle a potential

law suit. This problem has recently been considered on two occasions in the cases of *McLaughlin* v. *Blake*, 120 Vt. 174, 136 A.2d 492 (1957); and *Caledonia Sand & Gravel Co.* v. *Campbell*, 128 Vt. 182, 260 A.2d 221 (1969).

In the *McLaughlin* case, *supra*, cited by the trial court in finding 21, the factual situation is dissimilar to the case at bar. In that case plaintiff brought a tort action against the defendant alleging negligence on defendant's part. Plaintiff sustained injuries and permitted the statute of limitations to run out during negotiations. Plaintiff was told by the defendant's insurer that there was no question about the liability of the defendant and requested the plaintiff to defer bringing suit in order that the extent of plaintiff's injuries might better be determined for a compromise settlement. At page 180 of the *McLaughlin* case, *supra*, this Court stated "An estoppel is effective only so long as the plaintiff reasonably relies upon the defendant's representations as an excuse for not instituting the action."

The test adopted by this Court in *McLaughlin* v. *Blake*, *supra*, 120 Vt. at 179, is:

> "[W]hether in all the circumstances of the case, conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect."

In *Caledonia Sand & Gravel Co.* v. *Campbell*, *supra*, also cited in paragraph 21 of the lower court's findings of fact, this Court refused to apply the doctrine of estoppel against a defendant in an automobile property damage case. There, the defendant's adjuster refused to settle the property damage claim of Caledonia Sand & Gravel, until a personal injury claim in favor of its president, A. Douglas Wood, had been settled. The personal injury negotiations broke down and suit was commenced within the period of the statute by Mr. Wood. Plaintiff's property damage case was permitted to flounder and suit was not instituted until after the expiration of the statute of limitations.

In *Caledonia Sand & Gravel Co.* v. *Campbell, supra,* 128 Vt. at 185, Justice Keyser speaking for the Court made the following statement:

> "The doctrine of estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice, and its purpose is to forbid one to speak against his own act, representations, or commitments to the injury of one to whom they were directed and who reasonably relied thereon. 28 Am. Jur. 2d, Estoppel and Waiver, § 28. Such party is under the duty to exercise reasonable care and diligence. In the absence of either a promise or any misrepresentation or concealment of a fraudulent character, there cannot be an equitable estoppel precluding the defendant from setting up the bar of limitations. 53 C.J.S., Limitation of Actions, § 25."

Appellant's contention is that he, through his insurance carrier, the Peerless Insurance, acted in good faith in offering to pay the full limits of the insurance coverage of Ten Thousand Dollars ($10,000). In viewing the record, there appears no misrepresentation or concealment.

There was imposed a condition precedent to payment, namely, that the plaintiff and the Continental Insurance Company of New York sign the releases and deliver them to the defendant's insurer. Instead, plaintiff has instituted this suit. There is no indication that at any time during the negotiations that Peerless Insurance Company would waive such requested releases. From the very beginning it consistently demanded releases signed by both the plaintiff and his insurance carrier and refused to pay without receipt thereof.

At the time of contacts and negotiations, plaintiff was represented by an attorney who himself attempted to obtain the signed release from plaintiff. Plaintiff refused to sign the release, was generally "hostile" and, at the time the statute of limitations ran out, presumably had no intention of signing, at least none has since been tendered.

When plaintiff's hostility became evident by his refusal to sign the release, and the defendant's insurer, in turn, declined to pay without releases, a clear warning sign was raised. Plaintiff then had an obligation not to sleep upon his rights

but instead to seasonably institute suit. This he did not do until November 20, 1968.

At no time did the defendant, or his insurance carrier, request that plaintiff defer bringing suit. At all times material, plaintiff had the option of either signing the release or bringing suit within the statutory period. This he failed to do.

In seeking affirmance of the judgment order of August 30, 1971, barring the defendant and his insurer from asserting the defense of the statute of limitations and denying defendant's motion to dismiss, plaintiff urges first that the evidence is sufficient to support the findings, and, secondly, that the findings support the judgment.

The basic premise of plaintiff's first claim is contained in *Cody Chevrolet* v. *Royer*, 123 Vt. 389, 392, 189 A.2d 554 (1963), wherein it is stated that "A finding must stand if supported by any substantial evidence, although there may be inconsistencies, or even substantial evidence to the contrary. We must read the evidence in support of the findings, if reasonably possible, when considered as a whole." The following cases are also to the same effect. *In re Petition of Bolduc,* 121 Vt. 20, 22, 146 A.2d 240 (1958); *New England Road Machinery Co.* v. *Calkins*, 121 Vt. 118, 120, 149 A.2d 734 (1959).

In dealing with the question as to whether the findings support the judgment, it is well recognized in Vermont that this Court must affirm the findings if there is any credible evidence to support them and must construe those findings so as to support the judgment. *Cross Abbott* v. *Howards, Inc.,* 124 Vt. 439, 445, 207 A.2d 134 (1964) ; *deNeergaard* v. *Dillingham,* 123 Vt. 327, 330, 187 A.2d 494 (1963).

Plaintiff contends that the key findings of fact by the court below are Nos. 19 and 20 which, in substance, state that Peerless Insurance Company by the conduct of its claim agent, G. W. Carruth, both by correspondence and telephone contacts with plaintiff's insurer and his attorney indicated at all times from October 9, 1967, to August 14th, 1968, that they would be willing to settle the claim for Ten Thousand Dollars ($10,000), and by doing so plaintiff and its insurer was induced to forbear bringing suit.

Plaintiff ventures the claim that an unqualified settlement agreement had been made and by reason thereof suit was not

brought within the statutory period. The purported settlement was conditioned upon supplying Peerless Insurance Company with releases signed by plaintiff and Continental Insurance Company. Following is a portion of the uncontroverted testimony of Mr. Butterfield to this effect.

"Q. As I recall the chronology here, Mr. Butterfield, you received from Mr. Carruth a letter containing a release to be signed by your company and also by Mr. Perry, is that correct?

A. That is correct.

Q. And you accepted the settlement on those terms, that you would furnish a release signed by both parties, correct?

A. Right."

The requested release was sent to Mr. Butterfield by Mr. Carruth on October 9, 1967. Subsequently, and on several occasions each contacted attorney Joslin urging that he obtain plaintiff's signature thereto without favorable results. By failing to comply with this prerequisite to the payment of the sum agreed upon, plaintiff had the burden of protecting his rights by bringing suit within the statutory three year period. His failure so to do, under the facts as demonstrated by the record, should not serve to negate the defendant's privilege to take advantage of the statute of limitations.

Plaintiff makes claim that the findings stand unchallenged and cites *Hoosier Engineering* v. *Commissioner of Taxes*, 124 Vt. 341, 345, 205 A.2d 821 (1964), holding that where a case is tried by court and facts found, and findings stand unchallenged, the case in Supreme Court is controlled by the facts found. See also *City of Montpelier* v. *Bennett*, 119 Vt. 228, 125 A.2d 779 (1956). Plaintiff gains nothing on this point. Following the findings of fact the defendant filed a motion for supplemental findings setting forth:

"(1) That there was no evidence to show that the plaintiff reasonably relied upon the conduct of the defendant as an excuse for not instituting suit before the statute of limitations expired.

(2) That there was no evidence to show that the defendant requested the plaintiff to defer from instituting suit before the statute of limitations had expired."

The foregoing requested findings were not made by the court. However, all pertinent issues have been briefed by the parties and passed upon in this opinion.

Applying the test of estoppel to the case now considered, the record fails to establish the essential elements of estoppel. It fails to support plaintiff's claim that the defendant is estopped from invoking the statute of limitations as a bar to the present action.

In this case the statute precludes recovery by the plaintiff. The order of the court dated August 30, 1971, holding that the defendant and his insurer, the Peerless Insurance Company, are barred from asserting the defense of the statute of limitations must be reversed. The order of November 22, 1971, awarding plaintiff damages of Fifty Thousand Dollars ($50,000) cannot stand.

*Judgment orders reversed; judgment for defendant.*