J-S71027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON WILSON | |
| Appellant | No. 663 EDA 2016 |

Appeal from the PCRA Order January 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0339311-1994
CP-51-CR-0339381-1994
CP-51-CR-0339451-1994
CP-51-CR-0402631-1994
CP-51-CR-0402811-1994

BEFORE: BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED DECEMBER 07, 2016**

Appellant, Aaron Wilson, appeals from the order dismissing his "Petition for Common Law Writ of Error Coram Nobis," which challenged the validity of his guilty plea entered in 1994. Wilson contends that the court below erred in concluding that the Post Conviction Relief Act ("PCRA") applied to his petition. After careful review, we affirm.

Pursuant to a negotiated plea agreement, Wilson pled guilty to five counts of robbery, four counts of criminal conspiracy, four counts of violating the Uniform Firearms Act, one count of aggravated assault, and one count of

_____

[*] Former Justice specially assigned to the Superior Court.

possession with intent to deliver a controlled substance. The trial court sentenced him to an aggregate term of imprisonment of five to ten years.

The present petition was filed on June 9, 2015. In his petition, Wilson conceded that this sentence expired on March 17, 2004. *See* Petition, 6/9/15, at 2. He asserted that he was challenging the conviction because it was a predicate for his subsequent conviction on federal firearms charges. *See id*., at 3-4. He therefore claimed that in 1994, the trial court did not have jurisdiction over several of his charges, and further, that his guilty plea counsel was ineffective in several regards. *See id*., at 5-6.

The court below treated Wilson's petition as a PCRA petition and concluded that he was not eligible for relief due to the fact that he was no longer serving a sentence for the convictions he was challenging. The court thus dismissed the petition. This timely[1] appeal followed.

On appeal, Wilson argues that the court erred in concluding that the PCRA applies to his petition. The PCRA states that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis*.*" 42 Pa.C.S.A. §

---

[1] Wilson's appeal was docketed on February 19, 31 days after the filing of the trial court's order dismissing his petition. Wilson, however, was incarcerated in federal prison at the time, and his petition is dated February 10. Under these circumstances, we conclude that the prisoner mailbox rule applies, and Wilson's appeal was timely filed. **See Smith v. Pa. Bd. Of Prob. and Parole**, 683 A.2d 278, 281 (Pa. 1996).

9542. We have previously set forth the well-established province of the PCRA as follows:

> Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA. **Commonwealth v. Eller**, 569 Pa. 622, 807 A.2d 838, 845 (2002). It is only where the PCRA does not encompass a claim that other collateral procedures are available. **Commonwealth v. Chester**, 557 Pa. 358, 733 A.2d 1242 (1999).

**Commonwealth v. Pagan**, 864 A.2d 1231, 1232-1233 (Pa. Super. 2004).

**See also Commonwealth v. West**, 595 Pa. 483, 497, 938 A.2d 1034, 1043 (2007) ("[T]he PCRA subsumes all forms of collateral relief … to the extent a remedy is available under such enactment."). "[C]oram nobis relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the *claims* a petitioner is raising." **Pagan**, at 1233. The fact that a petitioner's ultimate goal is escape from the collateral consequences of his conviction does not change the fact that he is seeking relief from his judgment of sentence. **See Commonwealth v. Descardes**, 136 A.2d 493, 501 (Pa. 2016).

Here, the issues raised in Wilson's petition challenge the legality of his convictions, and therefore his judgment of sentence. These claims are "clearly encompassed by the PCRA." **Id**., at 501-502; **Pagan**, at 1233. Thus, the fact that Wilson has conceded that he is not currently serving a sentence for these convictions is a fatal defect. **See** 42 Pa.C.S.A. § 9543(a)(1)(i).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2016