J-S36003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIUSZ MARCINKOWSKI, | : | |
| | : | |
| Appellant. | : | No. 2929 EDA 2017 |

Appeal from the PCRA Order, July 31, 2017,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s):  CP-09-CR-0007139-2005.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:           **FILED AUGUST 24, 2018**

Mariousz Marcinkowski appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts and procedure as follows:

> On September 15, 2005, [Marcinkowski] was charged by the Bristol Township, Bucks County Police Department with Possession of a Controlled Substance with Intent to Deliver, Intentionally Possessing a Controlled Substance and Use or Possession of Drug Paraphernalia.
>
> On January 31, 2006, [Marcinkowski] pled guilty to the charges.  On March 17, 2006, he was sentenced by this Court to serve no less than one (1) year nor more than two (2) years of incarceration in the Bucks County Correctional Facility on the Possession with Intent to Deliver charge.  No further penalties were imposed on the remaining charges.
>
> [Marcinkowski] did not file any post-sentence motions nor did he file a direct appeal from his judgment of sentence.

[Marcinkowski] was paroled on May 3, 2007, and his sentence expired in its entirety on March 13, 2008.

On May 17, 2017, over nine (9) years after the expiration of his sentence, [Marcinkowski] filed a counseled "Nunc Pro Tunc Motion to Withdraw Guilty Plea," in which he challenged the voluntariness of his original guilty plea and alleged ineffective assistance of counsel for failing to advise him of the immigration consequences stemming from his March 17, 2006 conviction.

According to his Motion, [Marcinkowski] was arrested on March 24, 2017 by a member of the United States Department of Homeland Security and ICE and "is subject to detention, removal and deportation under Section 227(a)(2)(B)(i) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act."

On June 6, 2017, the Commonwealth filed an Amended Petition to Dismiss PCRA Petition for Lack of Jurisdiction as Petitioner is No Longer Serving a Sentence," in which it observed that [Marcinkowski's] Motion must be treated as a request for relief under the [PCRA], and that as a result, this Court lacks jurisdiction to entertain the Motion because [Marcinkowski's] sentence had expired in its entirety.

On June 14, 2017, this PCRA Court filed a Notice of Intent to Dismiss [Marcinkowski's] Motion pursuant to Pa.R.Crim.P. 907.

On June 21, 2017, [Marcinkowski] filed a counseled "Answer to [PCRA] Court's Notice of Intent to Dismiss," arguing that his "Nunc Pro Tunc Motion to Withdraw his Guilty Plea["] should not treated as a PCRA petition" because he "did not have the knowledge or ability to file a PCRA at the time he learned his guilty plea was not entered knowing, intelligent and voluntary [sic]." He was therefore "not asserting ineffective assistance of counsel," but simply seeking to withdraw his guilty plea because it was not entered knowing, intelligent and voluntary [sic]."

On July 31, 2017, after careful consideration of the various submissions of the parties and review of the record, this Court again concluded that it lacked jurisdiction in this matter and entered an Order dismissing [Marcinkowski's] "Nunc Pro Tunc Motion to Withdraw Guilty Plea."

PCRA Court Opinion, 11/8/17, at 1-2 (footnotes omitted).

[Marcinkowski] filed a *pro se* notice of appeal on August 31, 2017.[1] Marcinkowski complied with the PCRA court's subsequent order directing him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), by timely filing a statement, as well as an amended statement. Subsequently, the PCRA court appointed counsel. The PCRA court has also complied with Pa.R.A.P. 1925(a).

Marcinkowski raises the following issues in his counseled brief:

    I.     Did the [PCRA] Court err in failing to grant the Nunc Pro Tunc Motion to Withdraw Guilty Plea . . . which challenged whether [Marcinkowski] received ineffective assistance of counsel for failure to advise [him] of the potential immigration consequences of his plea and subsequent conviction for the felony of Possession With Intent to Deliver a Controlled Substance for which [he] now faces detention, removal and deportation under . . . the Immigration and Nationality Act?

    II.    Did the [PCRA] Court err when it failed to acknowledge, from [Marcinkowski's] "Amendment to Defendant's Rule 1925(b) Concise Statement of Errors Complained of on Appeal," that there was newly discovered evidence in this case. Specifically, that Lieutenant Ralph Johnson, was willing to speak on [his] behalf to reduce the charge from the felony Possession with Intent to Deliver a Controlled Substance to Possession of a Controlled Substance; a crime which is not subject to deportation.

---

[1] Marcinkowski filed his *pro se* appeal one day late. Nevertheless, we decline to quash the appeal on this basis as it appears the "prisoner mailbox rule" renders it timely. ***See generally***, ***Commonwealth v. Brandon***, 51 A.3d 231 (Pa. Super. 2012).

J-S36003-18

Marcinkowski's Brief at 5-6.

Initially, we note that the PCRA court correctly treated Marcinkowski's motion as a petition under the PCRA because his claim of ineffective assistance of counsel for failing to warn him of the possible deportation consequences of his guilty plea to a felony drug charge is cognizable under the post-conviction statute. **Commonwealth v. Descardes**, 136 A.2d 493, 501-02 (Pa. 2016). This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the PCRA court's conclusion is supported by the evidence of record and is free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In denying Marcinkowski post-conviction relief, the PCRA court explained:

> In accordance with 42 Pa.C.S.A. § 9543(a)(1)(i), [Marcinkowski] must be "currently serving a sentence of imprisonment, probation or parole" in order to be eligible for relief under the PCRA. Here, [Marcinkowski] is no longer serving a sentence for his conviction under Docket No. CP-09-CR-0007139-2005, and in fact [his] sentence expired nine (9) years ago. He is clearly not entitled to relief under the PCRA.

PCRA Court Opinion, 11/8/17, at 4-5.

The PCRA court explained that "[the] necessity to comply with the requirement under 42 Pa.C.S.A. § 9543(a)(1)(i) was confirmed by the Supreme Court of Pennsylvania in **Descardes**, **supra**[.]" **Id.** at 5. In that

- 4 -

case, a non-citizen petitioner was denied reentry into the United States due to a prior conviction for which he had completed his sentence. In **Descardes**, our Supreme Court held that Descardes' petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for relief under the PCRA. **Descardes**, 136 A.3d at 503. The PCRA court noted that, although the court was sympathetic to Marcinkowski's "current plight," it could not consider Marcinkowski's request because he had completed serving his sentence. PCRA Court Opinion, 11/8/17, at 5. Our review of the record supports the PCRA court's conclusion that Marcinskowski's appeal is controlled by our Supreme Court's decision in **Descardes**.

Marcinkowski argues that, although untimely, he meets an exception to the PCRA's time bar because he filed his motion within sixty days of discovering he was subject to deportation.

Our review of the record supports the Commonwealth's assertion that Marcinkowski's claim regarding the timeliness of his petition is waived, because it was not raised before the PCRA court and, therefore, is inappropriately being raised for the first time on appeal. **See generally**, Pa.R.A.P. 302(a); **see also Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) (explaining asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal).

Moreover, even if true, in light of **Descardes**, the timeliness of his PCRA petition is irrelevant. Marcinkowski is ineligible for relief under the PCRA because he completed his sentence.[2] In addition, Marcinkowski's attempt to distinguish **Descardes**, because he, unlike Descardes, "is currently incarcerated" is not persuasive. Although Marcinkowski is currently incarcerated due to the actions of a federal government agency, he is no longer serving his judgment of sentence for the underlying drug charges. **See** 42 Pa.C.S.A. § 9543(a)(1)(i) (providing to be eligible for relief under the PCRA the petitioner must be "currently serving a sentence of imprisonment . . . for **the** crime").

In his second issue, Marcinkowski raises an alternative argument to his timeliness claim, by asserting that he possesses newly discovered evidence in the form of proffered testimony "by the Affiant in the original criminal case." Marcinkowski's Brief at 24. According to Marcinkowski, Lieutenant Ralph Johnson would testify that he should have been charged only with possession of the drugs. This claim fails for two reasons.

First, as noted above, the timeliness of Marcinkowski's petition must yield to the standing issue regarding ineligibility for relief under the PCRA. Second, by first raising this claim in his amended Rule 1925(b) statement,

---

[2] We are disinclined to accept the Commonwealth's argument that this appeal should be quashed, because we, as well as the trial court, lacked jurisdiction to address Marcinkowski's filing. **See** Commonwealth Brief at 7-8. Instead, we follow the disposition reached by our Supreme Court in **Descardes**.

Marcinkowski's contention inappropriately is being raised for the first time on appeal. **See generally**, Rule 302(a), **supra**; **see also Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003)(explaining that, a party cannot rectify the failure to preserve an issue by proffering it in response to a Pa.R.A.P. 1925(b) order).

In sum, because Marcinkowski is no longer serving his sentence for the underlying drug charges to which he pled guilty, he is ineligible for post-conviction relief, and the PCRA court properly dismissed his petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *8/24/2018*