J-S26021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSUE GONZALEZ | : | |
| | : | |
| Appellant | : | No. 2859 EDA 2017 |

Appeal from the PCRA Order August 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009537-2007

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 04, 2018**

Josue Gonzalez appeals the August 11, 2017 order dismissing his PCRA petition as untimely.  We affirm.

Appellant pled guilty on February 22, 2008, to involuntary deviate sexual intercourse, first degree robbery, conspiracy, and carrying a firearm without a license.[1]  He was sentenced on May 30, 2008, to twenty-five to fifty years imprisonment.   Appellant filed a petition for reconsideration of his sentence and, following a hearing, his sentence was reduced to fifteen to thirty years incarceration on June 13, 2008.  He did not file a direct appeal.

Appellant filed his first PCRA petition on April 28, 2011, and counsel was appointed.   Counsel filed a ***Turner/Finley*** no-merit letter and sought

_____

[1] Appellant was charged with numerous felony offenses involving a thirteen-year-old victim, including rape.  We are unable to discern the specific facts underlying his convictions as there was no trial, and the plea and sentencing proceedings were not transcribed.

_____

* Former Justice specially assigned to the Superior Court.

permission to withdraw. The PCRA court dismissed the PCRA petition on March 22, 2013, and granted counsel's petition to withdraw.

On April 4, 2013, Appellant filed the instant petition styled as a petition for writ of *habeas corpus*. In the petition, he challenged the discretionary aspects of his sentence. He also alleged that an improper edition of the sentencing guidelines had been utilized in sentencing him, and hence, his sentence was illegal. Finally, he challenged the sufficiency and weight of the evidence. Privately retained counsel entered an appearance on Appellant's behalf, but sought leave to withdraw after concluding that Appellant's petition lacked merit. New private counsel entered an appearance, but took no action of record. Appellant filed a *pro se* supplement to his petition for writ of *habeas corpus* on February 12, 2016, which he maintained was timely as it was filed within sixty days of the decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).[2]

In a letter brief submitted to the court, the Commonwealth contended that the petition was an untimely PCRA and requested dismissal, as Appellant had failed to plead or prove any exception to the one-year time-bar. On June

---

[2] In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the U.S. Supreme Court held that **Miller v. Alabama**, 132 S. Ct. 2455 (2012), which prohibited the sentencing of juveniles to mandatory life in prison without possibility of parole, constituted a new substantive rule of constitutional law that was to be retroactively applied to those whose convictions had become final. Appellant does not explain, nor can we glean from his brief, how **Montgomery** is implicated herein.

26, 2017, Appellant filed a *pro se* answer opposing dismissal. His second privately-retained attorney sought permission to withdraw.

On July 6, 2017, the court granted the Commonwealth's motion to dismiss the PCRA as untimely, and permitted both private attorneys to withdraw. By order dated August 11, 2017, the PCRA court formally dismissed the PCRA petition as untimely and without merit.

Appellant timely appealed *pro se*, and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In its Rule 1925(a) opinion, the court found the petition untimely as it was filed more than one year after the judgment of sentence became final, and Appellant had failed to plead and prove any applicable exception to the PCRA time-bar.

Appellant presents four issues for our review:

[I.] The court of common pleas, criminal division lacked jurisdiction over the Appellant by sentencing him under the sixth edition. The sixth edition were [sic]not in effect at the time of his offense. The fifth edition was in full effect Appellant's sentence is illegal, wrong guidelines was apply [sic] and he is entitled to be resentenced. "Ex Post Facto Clauses Art"?

[II.] The court erred in violation of the United States Constitution, the Pennsylvania Constitution and their treaties made under the due process and equal protection of the laws, state and federal constitutions. Appellant was sentenced to a multiple offences [sic] pursuant to mandatory minimum sheme [sic] deemed facially unconstitutional?

[III.] Was trial counsel ineffective for failing to guarantee Appellant's constitutional right to an appeal?

[IV.] Whether the lower court erred in dismissing appellant's state writ of habeas corpus, he challenge [sic] the legality of the sentence, to be unconstitutional, and was dismissed under another person issues, stating that he issues raised by unknown person Josue Gonzalez, CP-51-CR-006134-2010, are without merit?

Appellant's brief at 4 (unnecessary capitalization omitted).[3]

The court below concluded that Appellant's *habeas* petition should be treated as a PCRA petition. We agree. Our Supreme Court explained in *Commonwealth v. Descardes*, 136 A.2d 493, 499 (Pa. 2016), that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. Other statutory and common law remedies "for the same purpose" are "encompassed" within the PCRA. *Id*. Illegal sentencing claims are cognizable under the PCRA. *See Commonwealth v. Montgomery*, 181 A.3d 359, 367 (Pa.Super. 2018) (*en banc*). To the extent that Appellant's issues implicate ineffective assistance of counsel, the PCRA provides eligibility for such claims. 42 Pa.C.S. § 9543(a)(2); *Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013). *Habeas corpus* relief is not available for claims of due process violations and other trial court error that could have been raised on direct appeal, but were not. *Commonwealth v. Abdul-Salaam*, 808 A.2d 558, 560 (Pa. 2001). Thus, the PCRA court properly treated Appellant's *habeas* petition raising such claims as a PCRA petition.

---

[3] We note that several of Appellant's issues were not raised in his original or supplemental petitions or in his court-ordered Pa.R.A.P. 1925(b) statement.

Our standard of review from the denial of PCRA relief is whether the PCRA court's findings are supported by the record and free of legal error. **Commonwealth v. Watkins**, 108 A.3d 692, 701 (Pa. 2014). In conducting our review, the PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id**.

Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petitioner alleges and proves that one of the three exceptions to the time bar applies. "A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3)." **Commonwealth v. Hernandez**, 79 A.3d 649, 650 (Pa.Super. 2013). The time bar is jurisdictional, and the court may not ignore it in order to reach the merits of the petition. **Id**.

Herein, judgment of sentence became final on July 13, 2008, when Appellant did not file a direct appeal to this Court. Thus, any PCRA petition, in order to be timely, had to be filed on or before July 13, 2009. The instant petition filed on April 4, 2013, was filed almost four years too late. Thus, we have no jurisdiction to entertain the petition unless Appellant pled and proved one of the exceptions to the time-bar set forth in § 9545.

There are three exceptions to the PCRA's one-year time limitation:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, in order to invoke one of these exceptions, the petition must be filed within sixty days of the date the claim could first have been presented. *Id*. at (b)(2).

Appellant does not assert or prove any exception to the time-bar.[4] For this reason, we find that the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

---

[4] Appellant argued that his legality of sentence claims could not be waived, an incorrect statement of the law in the context of the PCRA. Only a timely PCRA petition affords collateral relief to persons serving illegal sentences. *See e.g. Commonwealth v. Dimatteo*, 177 A.3d 182 (Pa. 2018) (reaffirming that *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/18