# General Electric Credit Corporation v. Donald White and Cecile White

[ 225 A.2d 58 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*Eric A. Schuppin* for plaintiff.

*Wick, Dinse & Allen* for defendants.

**Per Curiam.** In October 1962 the defendants purchased an oil burning heating system from the Community Heating and Electrical Company of South Burlington. The purchase price included the cost of installation of the unit by the seller.

At the time of this transaction the defendants owed. a debt of about $500 incurred by the purchase of a tractor. By agreement with the Community Heating and Electrical Company, this indebtedness was assumed by that company and consolidated with the amount due for the purchase and installation of the heating system. The total of these combined obligations with financing charges is specified as the amount due under the purchase and sale agreement signed by both November 2, 1962.

The plaintiff purchased the contract by an assignment which purports to be signed by the Community Heating and Electrical Company and by the defendants. Under the terms of the assignment, it is provided that the heating system shall remain personal property and title shall not pass to the buyer until the payments due on the contract have been fully paid.

After the installation of the furnace, the defendants defaulted in the payments specified. This action, stated on three counts, ensued.

The first complaint is based on the common counts of general assumpsit. The second complaint, founded on the conditional sales contract, was withdrawn before the case was submitted to the jury. The final count is in tort for conversion of the heating unit. The defendants denied all the allegations of the several complaints and pleaded affirmatively that they did not sign the conditional sales agreement and that their signatures on the instrument exhibited in the pleadings were forged. They also assert that the plaintiff is not the assignee of the seller, that Community Heating and Electrical Company failed to perform its undertaking, and that the contract is void for want of consideration and fraud.

By special verdicts, the jury found the defendants liable in contract for the unpaid balance due on the tractor in the amount of five hundred dollars. In a second verdict the jury found the defendant liable for conversion in the amount of six hundred dollars.

The defendants appeal. Their claim of error is principally directed to the court's instructions in submitting the case to the jury.

In explaining the defense of forgery, the court pointed out to the jury that—"if you find a forgery, that ends the conversion because there can be no title in this Plaintiff if there has been a conversion." In using the word. "conversion" as the last word of the sentence, it is clear the presiding judge intended to say "forgery." This misstatement was called to the court's attention by the defendants. Their

counsel went on to object that if the plaintiff had no title to the subject property, the defendants could not receive any benefit from the installation for which they would be liable to this plaintiff.

The court made a supplemental charge to correct any possible misunderstanding by the jury from the instructions as originally given. Obviously, counsel for the defendants was satisfied with the additional instructions for he made no further objection; stating merely "Thank you, your Honor." The case then went to the jury without further comment.

The defendants now claim it was error for the trial court to instruct the jury on the question of conversion claiming the installation contract did not reserve title in the seller and, consequently, the issue of conversion was not presented by the evidence. The plaintiff did not rely on the installation contract to establish its title. It proved its right to the property through the purchase and sales agreement and its assignment. This instrument provides for reservation of title in the seller.

The court's original misstatement in its instructions on this issue was corrected by the supplementary instructions. These instructions were in keeping with the suggestion indicated by the defendants' objection to the charge as first given. If there was any error, it was cured. *Proulx* v. *Parrow,* 115 Vt. 232, 243, 56 A.2d 623; *Rule* v. *Johnson,* 104 Vt. 486, 489, 162 Atl. 383.

The defendants did not complain of the court's submission of the issue of conversion to the jury. The charge in this respect became the law of the case. *Shields* v. *Vermont Mutual Fire Insurance Co.,* 102 Vt. 224, 255, 147 Atl. 352; *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt. 367, 417, 177 Atl. 631; *Merrill* v. *Reed,* 123 Vt. 248, 252, 185 A.2d 737.

The remaining assignments of error are subject to similar infirmities. The defendants assert it was error for the court to instruct the jury to find the defendants liable for the balance due on the tractor obligation and for any sum due for the value of the heating unit. They contend that the plaintiff's rights are derivative from the assignment. They argue the plaintiff has failed to sustain its burden of proving performance of the contract.

The question of the validity of the assignment was settled by the jury's finding on the issue of forgery. If there was any shortage in the court's charge on the matters of performance and the value of the installation, the defendants did not make known their objections.

The same holds true of the defendants' complaint of the court's reference to statements made by the seller as being matters of opinion rather\ than fact.

Each of these points is. directed to the court's charge. None was presented to the court at the conclusion of the instructions.

■■ If there was any claimed error or shortage in the charge on these points, it was the duty of counsel to call the matter to the attention of the trial court so that the deficiencies could be corrected at that time. A retrial will not be ordered because the court instructed or failed to charge on some matter which went unnoticed when the case was submitted. *Shields* v. *Vermont Mutual Fire Insurance Co., supra,* 102 Vt. at 255; *Dailey* v. *Bond,* 94 Vt. 303, 304, 111 Atl. 394.

The defendants "should have been spurred into action when the trial court instructed the jury as it did, if it did not wish what the court was instructing—to become the law of the case." *Abbadessa* v. *Tegu,* 123 Vt. 183, 186, 187 A.2d 56.

While the record presented on appeal is inadequate to preserve the questions sought to be reviewed, our reference to it indicates the jury was not misled from the controlling issues. The errors assigned are not sustained.

*Judgment affirmed.*