## Howard Welch and Marion Welch v. H. P. Hood and Sons, Inc.

[409 A.2d 603]

No. 269-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed December 4, 1979

*Gerard F. Trudeau* and *Robert M. Butterfield* (On the Brief), Middlebury, for Plaintiffs.

*Leslie C. Pratt* of *Paterson, Gibson & Noble,* Montpelier, for Defendant.

Larrow, J. Plaintiffs recovered judgment below for damages claimed to have been incurred from defective overlays or joists furnished by the defendant for construction of a new barn on plaintiffs' premises. Upon interrogatories, the jury found the materials defective, and found that defendant's agent had made representations to plaintiff Howard Welch of such a nature that plaintiffs were justified in delaying commencement of suit until after the six-year period of limitations had run.

By appropriate motions and objections, three essential questions have been preserved for review, it being conceded that the claimed representations were made between four and six years after the cause of action accrued. They are: (1) whether the applicable statute of limitations is six years under 12 V.S.A. § 511, applying to civil actions generally, or four years under 9A V.S.A. § 2—725, applying to contracts for the sale of goods; (2) whether statements made by an unidentified employee of the defendant were properly admitted into evidence as the basis of a claimed estoppel to assert the statute of limitations; and (3) whether the alleged statements, even if properly admitted, are sufficient basis for an estoppel.

The issues are clearly presented. A determination of any one of them in defendant's favor dictates reversal and entry of judgment here. Since the parties concede that the statements in question were made after the four-year statute, if applicable, had run, estoppel can only arise if the six-year

statute governs; and plaintiffs' evidence that the unidentified employee told plaintiff Howard Welch they would send someone out to look at the problem is the only evidentiary basis for the asserted estoppel.

We disagree with plaintiffs that the agreement between the parties, in evidence, was primarily one for the rendition of services, even though defendant furnished the construction plans. Some $21,000 worth of materials and equipment were to be supplied by the defendant, about half delivered on site and half picked up by plaintiffs. Construction was done by a third party, recommended by defendant but hired and paid by the plaintiffs.

But we do not decide the case upon this ground, or upon the hearsay question raised by failure to identify the employee who made the claimed promise to the plaintiff Howard Welch. See *Northern Oil Co.* v. *Socony Mobil Oil Co.*, 347 F.2d 81 (2d Cir. 1965); *Harte* v. *Peerless Insurance Co.*, 123 Vt. 120, 121–22, 183 A.2d 223 (1962). The claimed statement, even if authorized, is so clearly insufficient as a basis for estoppel under the comprehensive rules laid down in *Caledonia Sand & Gravel Co.* v. *Campbell*, 128 Vt. 182, 260 A.2d 221 (1969), that we need look no further for grounds for reversal.

Without detailing all the facts, the claimed estoppel in *Caledonia* was based upon a statement made by an authorized insurance representative that they could not settle a property damage claim on plaintiff's motor vehicle until they settled a personal injury claim by its president arising from the same accident. The language of the opinion is pertinent here:

> Applying the test to the facts shown by the evidence, it is clear that there was never any promise made by defendant's insurance adjuster either to pay or to amicably settle plaintiff's claim. Nor were any offers to settle made. We find no evidence of a request that plaintiff not bring, or defer in bringing, suit on its claim, or of any statement made which could have induced a forbearance by plaintiff not to sue. . . .
>
> . . . To discuss settlement is one thing and an agreement to settle is quite another.

*Id.* at 186, 260 A.2d at 224.

Upon the evidence introduced, properly or improperly, we can find no sufficient basis for the plaintiffs to have justifiably refrained from bringing suit. No agreement not to assert the statute was expressed; none can be implied. The sweeping consequences which plaintiffs would have us attach to a promise to look over this problem are neither required nor permitted by the principles enunciated in *Caledonia.*

*Judgment reversed. Judgment entered for the defendant, with costs in all courts.*