## Wade Beecher v. Stratton Corporation d/b/a Stratton Mountain Ski Resort

[743 A.2d 1093]

No. 98-382

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed November 19, 1999

*Theodore A. Parisi, Jr.*, Castleton, and *Martha M. Smyrski* of *Paterson & Walke, P.C.*, Montpelier, for Plaintiff-Appellant.

*John A. Serafino* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Amestoy, C.J.** Plaintiff, who sued defendant Stratton Mountain Corporation after being injured while skiing at its resort, appeals the superior court's summary judgment ruling barring his suit under the applicable one-year statute of limitations. See 12 V.S.A. § 513 (action to recover for injuries sustained while participating in sport of skiing shall be commenced within one year after cause of action accrues). In granting summary judgment to defendant, the court rejected plaintiff's contention that statements made by defendant's insurance adjuster precluded defendant from invoking the statute of limitations. We find no error in the court's refusal to apply the doctrine of equitable estoppel or equitable tolling, and thus affirm its judgment.

Plaintiff, a Connecticut resident, was injured while skiing at Stratton Mountain on January 20, 1996. He retained a Connecticut lawyer, who began negotiations with defendant's insurance adjuster shortly after the accident. In October 1996, a Vermont attorney took over plaintiff's case and resumed settlement negotiations with the adjuster. According to plaintiff, at some point before the limitations period expired, the adjuster asked plaintiff's attorney to refrain from filing suit until the conclusion of settlement negotiations. Later, in a January 14, 1997 telephone conversation with plaintiff's attorney, the adjuster insisted on plaintiff submitting to an independent medical examination before negotiations could be concluded. Plaintiff agreed. On March 4, 1997, the adjuster informed plaintiff's attorney that he had found two doctors in Connecticut who could perform an independent examination. On March 10, 1997, plaintiff's attorney informed the adjuster that the statute of limitations had run and asked him to agree to an extension until May 1, 1997. The adjuster refused and closed the case.

On March 11, 1997 plaintiff filed his negligence suit in superior court. Defendant moved for summary judgment based on plaintiff's failure to file his suit within the one-year limitations period. The superior court held an evidentiary hearing on March 4, 1998 to consider plaintiff's claim that defendant should be estopped from asserting the statute of limitations. Plaintiff's attorney and the adjuster testified at the hearing. The court viewed the evidence most favorably to plaintiff and accepted as true the testimony of plaintiff's attorney that the adjuster asked him to refrain from filing suit until negotiations were concluded, and that, when asked if there would be any statute-of-limitations problem, the adjuster indicated that he was unaware of any such problem. Nevertheless, the court rejected plaintiff's claims of equitable estoppel and equitable tolling, concluding that plaintiff's attorney was at least as aware of the one-year limitations period as the adjuster, and that the attorney had not acted reasonably in failing to file suit without obtaining a promise from the adjuster that defendant would waive or extend the statute of limitations. On appeal, plaintiff argues that the superior court erred by resolving issues of material fact and by refusing to apply either the doctrine of equitable estoppel or the doctrine of equitable tolling.

## I.

We address the latter two issues first to facilitate our discussion. Plaintiff contends that the doctrine of equitable estoppel precludes defendant from invoking the applicable statute of limitations under the circumstances of this case. The doctrine of equitable estoppel seeks to promote fair dealing and good faith by preventing "one party from asserting rights which may have existed against another party who in good faith has changed his or her position in reliance upon earlier representations." *Fisher v. Poole*, 142 Vt. 162, 168, 453 A.2d 408, 411 (1982). While the representations relied upon need not be fraudulent in a strict legal sense, see *id.*, generally a defendant is not estopped from raising a statute-of-limitations defense absent either a promise or some sort of misrepresentation or concealment of a fraudulent character. See *Caledonia Sand & Gravel Co. v. Campbell*, 128 Vt. 182, 185, 260 A.2d 221, 223 (1969); see, e.g., *Welch v. H.P. Hood & Sons, Inc.*, 138 Vt. 4, 7, 409 A.2d 603, 604 (1979) (refusing to apply equitable estoppel because there was neither express nor implied agreement not to assert statute of limitations).

The party invoking the doctrine of equitable estoppel has the burden of establishing four essential elements:

> first, the party to be estopped must know the facts; second, the party being estopped must intend that his conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; third, the latter must be ignorant of the true facts; and finally, the party asserting the estoppel must rely on the conduct of the party to be estopped to his detriment.

*Fisher*, 142 Vt. at 168, 453 A.2d at 412. All of the circumstances of the case must be evaluated in determining whether the doctrine applies, but generally it "will not be invoked in favor of one whose own omissions or inadvertences contributed to the problem." *Id.* at 169, 453 A.2d at 412.

In light of this law, we agree with the trial court's determination that estoppel is unavailable here. Plaintiff's estoppel argument rests largely on the allegation that defendant's adjuster asked plaintiff's attorney to refrain from filing suit until settlement negotiations were completed. This remark was insufficient to estop defendant from invoking the statute of limitations. Plaintiff's attorney never asked the adjuster, either orally or in writing, to waive or extend the statute of limitations. The parties continued negotiations, apparently without regard to the limitations period, until plaintiff's attorney informed the adjuster that the period had expired and that he would like it extended. The evidence was disputed as to whether the statute of limitations was ever even mentioned between the adjuster and plaintiff's attorney before it expired, but the most that can be said from plaintiff's perspective is that the adjuster indicated only that he was unaware of any statute-of-limitations problem. Certainly, there was no express or implied agreement to waive the limitations period. Given the adversarial nature of the relationship between plaintiff's attorney and the adjuster, the superior court properly concluded that the attorney acted unreasonably in allowing the limitations period to expire without confirming that defendant was willing to waive or extend the period while the parties continued settlement negotiations.

The evidence in this case does not suggest that the adjuster had superior knowledge of the applicable limitations period and took advantage of the ignorance of plaintiff's attorney to lull him into inaction. To the contrary, the actions and testimony of the adjuster indicate that he was not aware of the limitations period. But even assuming that the adjuster knew of the one-year statute of limita-

tions, so did plaintiff's attorney according to his own testimony. Further, even if plaintiff's attorney was not actually aware of the limitations period, he must be charged with that knowledge. See *Kunstman v. Mirizzi*, 44 Cal. Rptr. 707, 710 (Ct. App. 1965). It was the responsibility of plaintiff's attorney, not defendant's adjuster, to be aware of the applicable limitations period and to ensure that his client's claims did not expire.

Rather than focus on these unfavorable facts, plaintiff argues that the four essential elements of estoppel enunciated in *Fisher* do not apply here because *Fisher* concerned a boundary dispute rather than a limitations period. We find no merit to this argument. The elements of equitable estoppel noted in *Fisher* were not intended to apply only in the context of that case; indeed, we have examined those elements in a variety of contexts since *Fisher* was issued. See, e.g., *Agency of Natural Resources v. Godnick*, 162 Vt. 588, 592-93, 652 A.2d 988, 991 (1994) (government not estopped from issuing administrative order penalizing defendant for noncompliance with Act 250); *Ragosta v. Wilder*, 156 Vt. 390, 395, 592 A.2d 367, 370 (1991) (defendant not estopped from withdrawing offer to sell real property); *Greenmoss Builders, Inc. v. King*, 155 Vt. 1, 7, 580 A.2d 971, 975 (1990) (lawyers who hired client to build addition on their home estopped from recovering overpayments to builder). Further, *Fisher* cites and is consistent with *McLaughlin v. Blake*, 120 Vt. 174, 136 A.2d 492 (1957), the case upon which plaintiff heavily relies. See 142 Vt. at 168, 453 A.2d at 411. *McLaughlin*, in turn, relies heavily upon *Howard v. W. Jersey & S.S. R.R.*, 141 A. 755, 757 (N.J. Ch. 1928), which, based on its consideration of the same factors later set forth in *Fisher*, determined that the conduct of a claims investigator precluded the defendant in that case from invoking the limitations period. See *McLaughlin*, 120 Vt. at 179, 136 A.2d at 495-96.

*McLaughlin* involved a tort suit stemming from an automobile accident that occurred in Quebec, Canada. Following the accident, the plaintiff's attorney entered into settlement negotiations with the insurance adjuster, who stated that (1) there was no question about the liability of the defendant; (2) the real question was how much money should be paid to compensate the plaintiff for injuries caused by the defendant's gross negligence; (3) the insurance company was going to make a compromise settlement of the claim, but wanted to wait to determine the severity of the plaintiff's injuries; and (4) the company wanted the plaintiff to defer bringing suit until after it could make its settlement offer. See *id.* at 175, 136 A.2d at 493. The trial

court concluded that the adjuster's statements to the plaintiff's attorney did not estop the defendant from invoking the one-year statute of extinguishment that was controlling under Quebec law. This Court disagreed, holding that the trial court erred by rejecting the plaintiff's estoppel argument and rendering judgment for the defendant on the pleadings. See *id.* at 180, 136 A.2d at 496.

The essential distinction between *McLaughlin* and the instant case is that the plaintiff's attorney in *McLaughlin* did not know that the Quebec statute of extinguishment applied, and thus the defendant was in a superior position to the plaintiff in that case. This was a critical factor in *McLaughlin*, as evidenced by the Court's reliance on *Howard*, where "[t]he plaintiff complied [with the claims investigator's request to delay bringing suit] unaware that the statute was soon to expire." *McLaughlin*, 120 Vt. at 179, 136 A.2d at 495. Here, in contrast, plaintiff's attorney was or should have been aware of the applicable limitations period, and thus the "circumstances of the case, conscience and honest dealing" standard adopted in *McLaughlin* does not apply with equal force. *Id.* at 179, 136 A.2d at 496.

Further, in *McLaughlin* the adjuster conceded liability and promised to compensate the plaintiff through a settlement offer after the plaintiff reached a medical end-result. Here, even assuming that there had been a prior settlement offer, there was no admission of liability, and there was no promise that a settlement offer would be forthcoming once an independent examination was completed. See *Campbell*, 128 Vt. at 186, 260 A.2d at 224 ("To discuss settlement is one thing and an agreement to settle is quite another."); cf. *Kelley v. Robison*, 589 P.2d 472, 473 (Ariz. Ct. App. 1978) (concluding that conduct of insurance adjuster in paying plaintiff's bills and promising to pay future medical bills created jury question as to whether insurance company was estopped from raising statute of limitations defense); *Sander v. Wright*, 394 N.W.2d 896, 899 (S.D. 1986) (same). These differences are fatal to plaintiff's estoppel claim.

Nor can plaintiff find refuge in the doctrine of equitable tolling. Some jurisdictions have adopted this doctrine, particularly in the context of administrative proceedings, in considering whether the interests of justice compel extending the applicable limitations period. See, e.g., *Ervin v. Los Angeles County*, 848 F.2d 1018, 1019 (9th Cir. 1988) (refusing to toll statute of limitations in federal civil rights action); *Machules v. Department of Admin.*, 523 So. 2d 1132, 1133-34 (Fla. 1988) (tolling statute of limitations in administrative appeal from employee termination). Courts have scrupulously observed limita-

tions on the doctrine, however, generally applying it only when (1) the defendant actively misled the plaintiff or prevented the plaintiff in some extraordinary way from filing a timely lawsuit; or (2) the plaintiff timely raised the precise claim in the wrong forum. See *School Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 19-20 (3d Cir. 1981); *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978).

■ Neither situation is present here. Nor was it reasonable for plaintiff's attorney to forego filing suit in hope of a settlement that was never promised by the adjuster. See *Ervin*, 848 F.2d at 1019 (for statute of limitations to be equitably tolled, plaintiff must have acted reasonably). Thus, even if we were to adopt the doctrine of equitable tolling as distinct from the doctrine of equitable estoppel, it would not benefit plaintiff here.

## II.

Plaintiff also argues that the superior court erred by resolving issues of material fact in granting defendant's motion for summary judgment. Specifically, he contends that (1) the affidavits submitted by the parties in the context of defendant's motion for summary judgment do not support the court's finding that plaintiff's counsel was at least as aware of the one-year statute of limitations as the adjuster; and (2) the court usurped the role of the jury in finding that plaintiff's attorney acted unreasonably in failing to obtain a promise from the adjuster that he would waive any statute-of-limitations defense.

We find no merit to these arguments. The parties acquiesced to an evidentiary hearing that would elicit facts concerning whether defendant should be estopped from invoking the statute of limitations. At that hearing, plaintiff's attorney testified that he was aware of the one-year statute of limitations in January 1997, and defendant's adjuster testified that in January 1997 he was unfamiliar with the details of any statute of limitations that would apply to this case. Thus, the evidence supported the challenged finding in the court's summary judgment order.

In our view, the testimony quoted by Justice Dooley plainly demonstrates that plaintiff's attorney was conceding on cross-examination that he had been aware of the limitations period in January 1997, before it expired. This is reinforced by his testimony on direct examination that during a January 14, 1997 telephone call with the

adjuster, six days before the limitations period expired, he asked the adjuster if there was going to be any problems with the statute of limitations in this case. In any event, even if plaintiff's attorney was not aware of the one-year statute of limitations, the insurance adjuster testified that he was unaware of the details of the statute. See *Fisher*, 142 Vt. at 168, 453 A.2d at 412 (first element of equitable estoppel is that "the party to be estopped must know the facts").

To bolster his argument that the court improperly found facts in making its summary judgment ruling, plaintiff quotes statements that the court made during the March 4, 1998 hearing indicating that it would "find the facts and decide the issue" of whether defendant was estopped from invoking the statute of limitations. If anything, this argument suggests that the parties acquiesced to a procedure under which the court would determine the merits of the estoppel issue as the factfinder. Cf. *General Elec. Credit Corp. v. White*, 126 Vt. 149, 151, 225 A.2d 58, 59-60 (1966) (absent objection, court's submission of issue of conversion to jury became law of case); *Anderson v. Knapp*, 126 Vt. 129, 138-39, 225 A.2d 72, 79 (1966) (trial was conducted and proceeded on contract theory, which became law of case). Indeed, when the court stated that it would "find the facts and decide the issue," plaintiff's attorney asked the court to allow him to submit a request to find. Cf. *Stewart v. RCA Corp.*, 790 F.2d 624, 630-31 (7th Cir. 1986) (concluding that plaintiff acquiesced to proceeding under which court would resolve factual issue controlling whether statute of limitations had run).

■ In any event, the court determined, based on evidence considered in a light most favorable to plaintiff, that plaintiff's attorney acted unreasonably as a matter of law in allowing the statute of limitations to expire based on the statements made by defendant's adjuster. Because we find no genuine issues of material fact in dispute, see *Tooley v. Robinson Springs Corp.*, 163 Vt. 627, 629, 660 A.2d 293, 295-96 (1995) (mem.) (disputes concerning legal significance of facts, as opposed to facts themselves, do not preclude summary judgment), and we agree with the trial court that defendant is entitled to judgment as a matter of law under the facts presented, *Poplaski v. Lamphere*, 152 Vt. 251, 254-55, 565 A.2d 1326, 1329 (1989) (summary judgment mandated when party fails to establish existence of essential element on which that party has burden of proof at trial), we uphold the court's summary judgment ruling. See *O'Donnell v. Bank of Vermont*, 166 Vt. 221, 224, 692 A.2d 1212, 1214 (1997) (summary judgment appropriate when moving party demonstrates that there

are no genuine issues of material fact and it is entitled to judgment as matter of law).

*Affirmed.*

**Dooley, J.,** dissenting. I agree with plaintiff that the trial court went beyond its role in this summary judgment proceeding by finding that plaintiff's attorney knew ahead of time when the limitations period was going to expire. The only evidence supporting this finding is the following two words of testimony by plaintiff's attorney:

Q: 12 V.S.A. § 513 presumes that as of January of 1997 and also as of March 10 you were aware of the one year statute.

A: I was.

Given the odd wording of the question, which was not really a question at all, it is not clear whether the response of plaintiff's attorney conceded that he was *presumed* to be aware of the statute, or that he was *aware* of the statute. Nor is it clear at what point he became aware of the one-year limitations period, even assuming he was conceding that at some point he had actually become aware of the statute. He may well have meant that he became aware of the statute in March, after it had expired, when he asked the adjuster to waive the limitations period. In short, his brief response did not warrant the court's summary judgment finding that plaintiff's attorney knew of the one-year limitations period before it had expired. Without that finding, summary judgment on the estoppel issue was inappropriate because a disputed issue of material fact exists as to whether plaintiff's attorney was "ignorant of the true facts." See *Fisher v. Poole*, 142 Vt. 162, 168, 453 A.2d 408, 412 (1982) (setting forth elements of equitable estoppel).

**Morse, J.,** dissenting. The circumstances of this case, in my view, present a triable issue for the factfinder. Plaintiff demanded a jury trial in his complaint. Within the context of defendant's summary judgment motion, the parties contested whether defendant should be estopped from invoking the statute of limitations. While the parties may have agreed to the superior court holding a hearing and taking testimony on this issue, the court's role was still limited to determining whether material facts were in dispute and whether either party was entitled to judgment *as a matter of law.* See *Bingham v. Tenney*, 154 Vt. 96, 101, 573 A.2d 1185, 1187 (1990) (in context of summary

judgment motion, trial court should employ oral testimony sparingly and with great care because purpose of proceeding is to determine only whether triable issue exists); *Braun v. Humiston*, 140 Vt. 302, 306, 437 A.2d 1388, 1389 (1981) (courts are not empowered to try issues of fact in summary judgment proceedings; they may examine affidavits or other evidence to determine whether triable issues exist, but may not resolve such issues).

Consider the following facts, keeping in mind the court's limited role in this summary judgment proceeding. Defendant made at least one settlement offer to plaintiff, but that offer was rejected. When the parties were unable to agree upon a settlement amount, plaintiff's Vermont attorney took over the case. At that point, nearly three quarters of the truncated one-year limitations period had already expired. In December 1996, plaintiff's attorney sent defendant's adjuster a letter informing him that plaintiff would be filing suit in the near future because the case had not been settled. At that point, the limitations period was set to expire in less than a month. The adjuster, who was responsible for settling ski claims in Vermont and other states and thus presumably was aware of the applicable statute of limitations, asked plaintiff's attorney to refrain from filing suit until negotiations were complete, which could not occur until plaintiff submitted to an independent medical examination. When plaintiff's attorney asked the adjuster if they were going to have a problem with the statute of limitations, the adjuster stated that he was not aware of any problem. Although plaintiff promptly agreed to the independent examination, the adjuster waited until after expiration of the one-year limitations period before providing plaintiff with information that would allow the examination to proceed.

Without question, reasonable minds could differ as to whether these facts estopped defendant from invoking the statute of limitations. Indeed, on strikingly similar facts in *McLaughlin v. Blake*, 120 Vt. 174, 180, 136 A.2d 492, 496 (1957), this Court reversed a trial court judgment on the pleadings denying the plaintiff's claim that the defendant was estopped from raising a statute-of-limitations defense. In that case, the adjuster stated that there was no question about defendant's liability, and then asked plaintiff to refrain from filing suit until a medical end-result was reached. Here, after already having made at least one settlement offer, the adjuster asked plaintiff to refrain from filing suit until an independent examination could confirm the claimed injuries. I find no significant distinction between the two cases.

The "essential" distinction noted by this Court — that the plaintiff's attorney in *McLaughlin*, unlike plaintiff's attorney here, was ignorant of the applicable limitations period — was apparently not essential to the Court in *McLaughlin*. Indeed, the opinion does not even indicate that the plaintiff's attorney was unaware of the limitations period, let alone cite that fact as a basis for the decision. On the contrary, the stated basis of the decision in *McLaughlin* was that the plaintiff's attorney deferred bringing suit in response to the adjuster's request that he refrain from doing so pending a medical end-result, at which point the amount of compensation could be determined. See *id.* at 180, 136 A.2d at 496. This is essentially what occurred here.

Our decision in *Caledonia Sand & Gravel Co. v. Campbell*, 128 Vt. 182, 260 A.2d 221 (1969), also demonstrates that summary judgment was wrong in this case. In determining that the defendant was not estopped from invoking the statute of limitations, the Court in *Campbell* specifically noted the absence of any "evidence of a request that plaintiff not bring, or defer in bringing, suit on its claim, or of any statement made which could have induced a forbearance by plaintiff not to sue." *Id.* at 186, 260 A.2d at 224; see *Kunstman v. Mirizzi*, 44 Cal. Rptr. 707, 709 (Ct. App. 1965) (estoppel will apply to prevent defendant from invoking limitations period if plaintiff was induced to believe that amicable adjustment to claim would be made without suit); cf. *Machules v. Department of Admin.*, 523 So. 2d 1132, 1134 (Fla. 1988) (doctrine of equitable tolling is generally applied in cases where defendant's representations lulled plaintiff into inaction).

Here, in contrast, defendant's agent specifically requested that plaintiff put off filing suit. Reasonable persons could conclude that the request induced plaintiff's attorney to delay bringing suit pending the results of the independent examination. See *Molinar v. City of Carlsbad*, 735 P.2d 1134, 1137 (N.M. 1987) (estoppel applied where plaintiffs postponed filing suit based on defendant's representations that settlement should be forthcoming and would be more expeditious in absence of litigation). Indeed, a jury may well have viewed the adjuster's "gotcha" approach as an unjust way for plaintiff's suit to end, particularly given that defendant expressly requested the delay in bringing suit and thus was not prejudiced in the least.

I would reverse and remand because, at minimum, there is a triable issue of fact as to whether, considering all the circumstances of the case, the duty of honest dealing should estop defendant from repudiating the reasonably anticipated consequences of its representa-

tions. See *McLaughlin*, 120 Vt. at 179, 136 A.2d at 496 (stating test for determining whether defendant should be estopped from raising statute-of-limitations defense).