LePage v. Bay Creek Partnership, No. S1021-03 (Katz, J., Feb. 26, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

PRICILLA & GERALD LE PAGE

v.

BAY CREEK PARTNERSHIP

ENTRY

This is a motion to dismiss for plaintiffs' failure to properly serve defendant Carol Dousevicz within the time frame of Civil Rule 3 in accordance with the process outlined in Rule 4(d). Plaintiffs do not deny that service was improper but claim equitable estoppel and request an enlargement of time under Rule 6(b) to perfect service on defendant Dousevicz.

The defendant parties in this case include: Dousevicz who runs an unincorporated business, her husband's business, and Bay Creek Partnership. Plaintiffs attempted to serve all three parties on September 26,

2003.  The deputy charged with service successfully served the husband for his business and Bay Creek at the husband's place of business.  He also left Dousevicz's summons and complaint with the husband at the latter's request, after he promised to give them to her at home.  From the evidence, there is no question that this service did not satisfy Rule 4(d) which allows for service on another only at the defendant's home or if the recipient is an authorized agent.  V.R.C.P. 4(d)(1)&(8); see also 4A C. Wright & A. Miller, Federal Practice & Procedure § 1094 (2002).   Dousevicz's husband is not her agent, and he was not served her papers at her home.  After receiving the papers, it appears that he did not bring them home but rather delivered them to Dousevicz's attorney, Thomas Heilmann.

Plaintiffs' claim stems from an accident that occurred on September 10, 2000.  Their attorney Joseph Gamache filed the complaint on August 25, 2003, which meant that the end of the 3 year statute of limitations period was looming. 12 V.S.A. § 512(4).  Since Attorney Gamache filed in August, he also effectuated a tolling on the statute of limitations beyond September 9, 2003.  Under, Rule 3, the statute of limitations will extend to the end of the 60 days provided in Rule 3 so long as timely service is accomplished.  Weisburgh v. McClure Newspapers, Inc., 136 Vt. 594, 595 (1979).  In this case, the officer effecting service failed to serve Dousevicz within the provisions of Rule 4(d).  Thus on October 24, 2003, plaintiffs' claims against Dousevicz expired under Rule 3 and § 512, for failure to serve defendant in a timely manner.  If there were no more facts involved in this case, it would end here as the plaintiff has "the responsibility for any failure to fulfill the provisions of V.R.C.P. 4(d) and (e) . . ." Brady v. Brauer, 148 Vt. 40, 44 (1987).  Furthermore, despite plaintiffs' unawareness at the time, they did have notice of the defect from the return of service sheet, which stated that Dousevicz's complaint and summons were served on her husband at his place of business, in contravention to

plaintiffs' earlier directions and was on its face invalid. See Rule 4(i) rptr. n. (Rule 4(i) "gives plaintiff's attorney a final opportunity to check the accuracy of process and return . . ."). Such an error is plaintiff's burden. Fercenia v. Guiduli, 2003 Vt. 50, at ¶ 12 (mem.). This is in part because service of process has the twin functions of not only notifying the defendant of the complaint and its terms but also to physically gain jurisdiction over the defendant. 4A C.Wright & A.Miller, Federal Procedure & Practice § 1094, at 511 (2002). By failing to serve defendant, plaintiffs not only failed to serve notice; they failed to effect jurisdiction.

On October 17th while there was still time to correct the ineffective service of process, defense attorney Heilmann and plaintiffs' attorney Gamache had a a telephone conversation. Heilmann asked his adversary for a favor: Give me more time to file an answer for Carol Dousevicz, don't default her, I know we're up against the twenty day deadline for answering. V.R.C.P. 12 & 55. Gamache agreed. At that moment, Heilmann knew:

- Dousevicz did not know about the suit, from which it could be readily inferred that she had not been served;
- The complaint had been filed with the court August 25, because his other clients had faxed him their copy, showing those dates;
- The accident had occurred September 10, three years earlier, hence there was a statute of limitation issue

Against this background, Heilmann asked for the favor. By October 23, which would have been the 59th day after filing, still within the time for correcting the erroneous service and saving the claim, Heilmann knew all the pertinent facts, because he also:

- Had received a copy of the improper return of service which,

because it had been filed by Gamache with the court, signaled that Gamache did not appreciate its error;

- Had thought through the 60 day limitation on perfecting service subsequent to commencing an action by filing.

Hence, within the 60 day period, Heilmann knew all the facts, knew that Gamache was permitting him additional time to reply, which would extend beyond the critical 60 day period, and therefore knew that he was in fact pushing Gamache beyond the statute. Yet he did not notify Gamache but instead filed a motion to dismiss based on ineffective service of process on October 28, 2003. As well, Dousevicz's husband claims that he informed Ms. Dousevicz of the lawsuit on that day for the first time. Plaintiffs argue that this knowledge and promise on their part to forebear should either estop Dousevicz from raising the statute of limitations defense or justify a Rule 6(b) extension of time to serve.

Plaintiffs' motion for an extension of service under Rule 6(b) is inappropriate in the present situation. Federal Rule 6(b), on which V.R.C.P. 6(b) is taken, does not permit courts to enlarge statutes of limitation. Hammons v. Int'l Playtex, Inc., 676 F. Supp. 1114, 1118 (D.Wyo. 1988), vacated and remanded by party stipulation, 872 F.2d 963 (10th Cir. 1989) (noting that the 60 days under Rule 3 was an "integral part of the statute of limitations" and any enlargement would frustrate its policies); 4B C.Wright & A.Miller, Federal Practice and Procedure § 1165, at 519–20 (2002); cf. Poulos v. Wilson, 116 F.R.D. 326 (D.Vt. 1987) (granting a Rule 6(b)(2) motion when defendant was served 1 day after the time for Rule 3 service lapsed but 8 days before statute of limitations ran). Since plaintiffs' Rule 6(b) motion is not merely for Rule 3 purposes but to preserve their claim beyond the statute of limitations so that they can then effect proper service, it cannot be granted, regardless of any excusable

neglect or equitable considerations.

A defendant may be estopped from raising the statute of limitations in certain circumstances by either equitable tolling or equitable estoppel. Fercinia, 2003 Vt. 50, at ¶ 12. Equitable tolling in this case does not apply to plaintiffs. Beecher v. Stratton Corp., 170 Vt. 137, 142–43 (1999) (requiring the defendant to mislead or prevent plaintiff in an extraordinary way from filing or for plaintiff to file timely in wrong forum). For equitable estoppel to apply, plaintiffs must demonstrate that:

> (1) the party to be estopped must know the facts; (2) the party being estopped must intend that its conduct be acted upon; (3) the party asserting estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the conduct of the party to be estopped to its detriment.

Town of Victory v. State, 174 Vt. 539, 540 (2002) (mem.); Fisher v. Poole, 142 Vt. 162, 168 (1982).

In this case the question appears to revolve around ignorance. While on its face the return of process was defective, Attorney Gamache had received it from an experienced deputy with many years experience in serving process who gave no indication of any problems. This was followed by Attorney Heilmann's request for an extension for Dousevicz to respond. The fact that Attorney Heilmann expressed concern about default judgment against his client implies that she had been properly served. Otherwise, Rule 12(a) would not have been activated and the twenty days would not have run. Attorney Heilmann knew that his client had not been served. Attorney Gamache, who should have been aware of the defect, was not aware of it. Heilmann obtained a promise from Gamache not to file for

default judgment, thereby relieving Heilmann from promptly asserting his client's Rule 12(b)(5) motion, which would in turn have given Gamache an opportunity to correct. But it was not until October 23d, that Attorney Gamache demonstrated that he was completely unaware of the flaw by filing the return of service with the improper service on Dousevicz. At that point, Heilmann working under the benefit of the promise not to file a default, waited until plaintiffs' clock ran out.

There is nothing to suggest that Heilmann initially intended his actions to lull Gamache into complacency. Heilmann's conversation, while he was aware of most of the relevant facts, did cause Gamache to change his position in reliance on Heilmann's implication—that service had been effective. Beecher v. Stratton Corp., 170 Vt. 137, 139 (1999). Gamache's promise effectively stripped him of the extra time he had left to correct the improper service of process. Yet, this is ultimately not enough to support estoppel. Id. ("All of the circumstances of the case must be evaluated in determining whether the doctrine applies, but generally it 'will not be invoked in favor of one whose own omissions or inadvertences contributed to the problem.'") (quoting Fisher, 142 Vt. at 169). Plaintiffs' entire situation stems from their failure to properly serve Dousevicz or recognize that the deputy had failed to do so. Despite plaintiff's reliance, Heilmann's promise was only collaterally related to the service of process. Given the strong burden on the plaintiffs' shoulders to properly serve all defendants, it is difficult to imagine then what duty shifted to Heilmann on October 23d when he had pieced the mistake together. Despite the murky circumstances between the two lawyers and the unfortunate results for the plaintiffs, it remains their burden to effectuate service and their responsibility should it fail. Equity will only intervene where the plaintiffs' situation permits it.

Defendant Carol Dousevicz's motion to dismiss claims against her is therefore granted.

Dated at Burlington, Vermont_____, 2004.


                                                       Judge