Munson Earth Moving v. Holmberg, No. S0407-01 Cncv (Katz, J., Sept. 20, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

MUNSON EARTH MOVING

v.

HOLMBERG

ENTRY

Plaintiff, a construction company, seeks to void money transfers made by defendant corporation to its owners, who are also defendants. Plaintiff claims that these 1997 transfers were fraudulent and only meant to deny plaintiff an opportunity to recover debts owed by the Holmberg Company. Defendants assert that any action to void or recover these transfers has expired because the statute of limitations for this action is one year and does not allow for tolling. 9 V.S.A. § 2293(3). Both parties have

moved for summary judgment.

This dispute stems from the Meadow Ridge development project. Defendant Holmberg, Inc. hired plaintiff for construction work on the site. After partial performance and partial payment in 1996, plaintiff continued to work and incurred more expenses. Around that time, Peter Holmberg, the owner of Holmberg, Inc., sold off the company's tangible assets and used them to pay off a debt the company owed himself. The remainder of the capital was then loaned to Peter, who used it to pay off personal debts and other expenses. This was all accomplished in November 1997.

Plaintiff argues that it is entitled to reach out to Peter and his wife Marilyn and avoid the November transfers because § 5 (b) of the Uniform Fraudulent Transfers Act (as adopted by the Vermont legislature at 9 V.S.A. § 2289 (b)) allows a creditor whose claim pre-dates the transfer to reach out to the transferred assets if:

- the transfer was made to an insider [such as an officer of the company like Peter Holmberg, see 9 V.S.A. § 2285 (6)]
- for an "antecedent debt," [a pre-existing debt to the insider]
- the debtor [Holmberg, Inc.] was insolvent at that time, and
- the insider had reasonable cause to believe that the debtor was insolvent.

As the official comments to this provision note, this subsection labels a preferential transfer to an insider fraudulent when the transfer is made while the company is insolvent and the insider knew it. <u>Unif. Fraud. Trans. Act</u> § 5 cmt. 2, 7A pt.II U.L.A. 330–31 (1999). There is some disagreement between the parties on whether or not Holmberg, Inc. was "insolvent" at the time of the November transfers and whether Peter Holmberg knew at the time that it was. The Act defines insolvency in two ways. A debtor is

insolvent if its total debts are greater than its total assets or if the debtor is generally not paying its debts as they become due. 9 V.S.A. § 2286 (a),(b). The uncontested evidence shows that Holmberg, Inc. existed on a hand-to-mouth financing scheme that required Peter to loan money to the company via his personal credit sources and then re-pay himself as the company sold lots. Taking a snapshot of the company's financial record at any given time as suggested by the first definition of insolvency might not accurately portray the financial situation of the company because of its precarious accounting. Likewise, the second definition through the word "generally" suggests far more widespread missed payments than Holmberg, Inc. was guilty of in November 1997. This approach, however, has been questioned by some commentators. M. Cook & R. Mendales, The Uniform Fraudulent Transfer Act: an Introductory Critique, 62 Am. Bankr. L.J. 87, 91–92 (1988) (suggesting that the latter definition of insolvency is easier to prove but is only a presumption of insolvency).

Setting aside the question of whether defendant's status in November 1997 qualified as insolvent as defined in 9 V.S.A. § 2286, defendants note that this claim has a one year statute of limitations. 9 V.S.A. § 2293 (3). Plaintiff acknowledges this limitation but argues that it was unaware of the transfer until after it had begun discovery. The Fraudulent Transfer Act has three different statutes of limitation for each of the different claims possible under the act. The first, for claims that debtor made the transfer to intentionally hinder, delay, or defraud creditor, allows for claims within four years of the transfer or within a year of when creditor should have known about the transfer. 9 V.S.A. § 2293 (1) (citing § 2288 (a)(1)). The second statute limits claims to within four years of the transfer when the claims arise from transfers where the debtor exchanges an asset for something of less than reasonably equivalent value or incurs a debt beyond its ability to pay. § 2293 (2) (citing § 2288 (a)(2)). Notably, this

provision does not require proof of intent to defraud or any element of bad faith. See Unif. Fraud. Trans. Act § 4 cmt. 2, 7A pt.II U.L.A. 302 (1999); see also Benson v. Richardson, 537 N.W.2d 748, 756–57 (Iowa 1995) (noting fraudulent transfers do not require proof of actual dishonesty or intent). It also does not have the tolling language of the previous section. The third statute, relevant to plaintiff's claim, limits actions to "within one year after the transfer was made or the obligation incurred." § 2293 (3). As with the second statute, there is neither the underlying requirement to prove bad faith or tolling language. This difference means more than mere statutory interpretation or implied legislative intent.

This difference between the first statute and the second and third is important because the statutes were designed as more than just statutes of limitation. The statutes are actually statutes of extinguishment, and they extinguish the rights as well as the remedy. Unif. Fraud. Trans. Act § 9 cmt. 1, 7A pt.II U.L.A. 359 (1999); see, e.g., United States v. Vellalos, 780 F.Supp. 705, 707 (D. Hawai'i 1992) appeal dismissed, 990 F.2d 1265 (9th Cir. 1993) ("It is clear that the intent of the UFTA is to completely extinguish the statutory cause of action following the expiration of the delineated time period."); see also Longe v. Boise Cascade Corp, 171 Vt. 214, 223 (2000) ("[T]he Legislature knows how to create an equitable tolling provision when it wishes to do so."); J. LaBine, Michigan's Adoption of the Uniform Fraudulent Transfer Act: an Examination of the Changes Effected to the State of Fraudulent Conveyance Law, 45 Wayne L. Rev. 1479, 1510–11 (noting the lack of tolling language in the Uniform Act and its potential effect). In this case, plaintiff's filed their complaint, at the earliest, in December 2001. This was too late for a claim under § 2289 (b), and its claim is barred by the statute of limitations.

Plaintiff's secondary argument is that § 2288(a)(2), which allows

creditors to avoid transactions where the debtor has left an unreasonably low amount of assets or incurred debts far larger than it will be able to pay. As with plaintiff's first claim, the statute of limitation, § 2293 (2) applies and bars an action. While the window in § 2293 (2) is larger (4 years), plaintiff's December 2001 filing was too late. Its rights as well as remedy were extinguished at the end of November 2001, 4 years after the transaction.

Plaintiff's final argument is that equitable estoppel should prevent defendants from raising a statute of limitations defense. The evidence, however, shows no evidence of bad faith or intent on the defendants' part to defraud plaintiff. While their business practices do not demonstrate a great deal of stability, their actions were consistent with an on-going business endeavor; their letters in January 1998 and July 1998 are honest about the state of the business, its low assets and expectant business prospects. Importantly, they do not demonstrate any kind of false picture or report that the company was well funded or expected to pay the plaintiff in full immediately. Instead, they ask for patience as the company expected to develop future capital and offered incentives to plaintiff in return. Plaintiff has not submitted any evidence that would show these promises to be knowingly false or that they had a superior knowledge about the statute of limitations and intended to lull plaintiff or into letting its rights expire. See Beecher v. Stratton Corp., 170 Vt. 137, 139–40 (1999) (insurance adjustor's actions which delayed plaintiff's filing did not demonstrate an intent to deceive). Finally, this whole area of law—fraudulent transfers—presumes that defendants are no angels. Yet, the enacted statute limits actions to one year. Whether this be the result of compromise or some other legislative intent, we are unwilling to remove it where plaintiff's evidence for equity is less than compelling.

Based on the foregoing, defendants' motion for summary judgment is granted.  Plaintiff's motion for summary judgment is denied.  Count four of plaintiff's complaint is dismissed.

Dated at Burlington, Vermont_____, 2004.


_____
Judge