Beebe v. Eisemann, No. 733-10-09 Rdcv (Teachout, J., Sept. 21, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**  
Rutland Unit

**CIVIL DIVISION**  
Docket No. 733-10-09 Rdcv

**GENE BEEBE**  
    Plaintiff

v.

**ALLAN D. EISEMANN, MD**, et al.  
    Defendants

## DECISION
## DEFENDANTS' MOTION TO DISMISS

This matter is before the court on the Motion to Dismiss filed on June 6, 2011, by Defendants Allan D. Eisemann, MD and Allan Eisemann, MD, PLC (collectively "Dr. Eisemann). Dr. Eisemann argues that the statue of limitations governing Plaintiff's medical malpractice claims has expired and, therefore, Plaintiff has failed to state a upon which relief can be granted pursuant to V.R.C.P. 12(b)(6). Dr. Eisemann is represented by Karen S. Heald, Esq. Plaintiff Gene Beebe is represented by A. Jeffry Taylor, Esq.

### Background

On October 7, 2009, Plaintiff Gene Beebe filed a Complaint alleging medical malpractice on the part of Dr. Eisemann. The basis for the Complaint was a tooth extraction performed on October 9, 2006. Plaintiff acknowledges that the Complaint was filed two days before the statute of limitations expired.

On October 15, 2009, Plaintiff sent a letter to defense counsel indicating that he had filed the Complaint with the court on October 7. Plaintiff informed Dr. Eisemann that he had decided not to commence service of process immediately in hopes of settling the case without any unwanted publicity. Plaintiff's letter was accompanied by a request for waiver of service.

Defense counsel for Dr. Eisemann signed the waivers of service on October 20. As evidenced by an e-mail from Plaintiff's counsel dated December 14, Plaintiff's counsel asked defense counsel to hold onto to the waivers while they evaluated the case. Defense counsel returned the waivers on January 13, 2010.

On April 15, 2011, the court dismissed the case on its own motion based on Plaintiff's failure to prosecute his claim. At this point, Plaintiff had not filed proof of service with the court. On April 18, Plaintiff filed the signed waivers of service. On April 25, the court granted Plaintiff's V.R.C.P. 60(b) motion to reopen on the basis that failure to file proof of service with the court is not grounds for dismissal if service was, in fact, properly effectuated.

**Analysis**

Dr. Eisemann moves to dismiss because Plaintiff did not effectuate timely service of process, and the statute of limitations has now expired. The statute of limitations for medical malpractice claims runs three years from the date of the incident. 12 V.S.A. § 521. The date of Mr. Beebe's tooth extraction was October 9, 2006. Therefore, the statute of limitations expired on October 9, 2009.

Plaintiff filed his Complaint with the court, before the statute of limitations expired, on October 7, 2009. When an action is commenced by filing the Complaint with the court, service of process must be completed within 60 days of the filing date. V.R.C.P. 3. Plaintiff had until December 7, 2009, to properly serve Dr. Eisemann.

Plaintiff attempted to effectuate service by obtaining waivers of service from Dr. Eisemann pursuant to V.R.C.P. 4(*l*). In order to comply with Rule 4(*l*), Plaintiff must file the waiver of service with the court within sixty days of filing the complaint. See *Fercenia v. Guiduli*, 2003 VT 50, ¶ 8, 175 Vt. 541 (mem.). Here, Plaintiff did not file the waivers with the court until April 18, 2011, well after the sixty day period.

Because of Plaintiff's failure to timely file the waivers, the statute of limitations period has expired. The statute of limitations is not tolled until the waivers of service are filed with the court. *Id.* at ¶ 9-10. Therefore, Plaintiff's claim must be dismissed unless Dr. Eisemann is somehow prevented from asserting the statute of limitations bar. See *id.* at ¶ 12 (noting that equitable tolling or equitable estoppel may excuse Plaintiff's failure to file timely service of process).

Plaintiff argues that equitable estoppel should apply here. Equitable estoppel generally requires either a promise not to assert a statute of limitations defense or some sort of fraudulent concealment or misrepresentation. *Beecher v. Stratton Corp.*, 170 Vt. 137, 139 (1999). The doctrine has four elements: (1) the party to be estopped knows the facts, (2) the party to be estopped must intend that his conduct shall be acted on or the conduct must be such that the other party reasonably believe it was intended to be acted on, (3) the party asserting estoppel must be ignorant of the true facts, and (4) the party asserting estoppel must detrimentally rely on the conduct of the party to be estopped. *Id.* at 140. Generally, equitable estoppel "will not be invoked in favor of one whose own omissions or inadvertences contributed to the problem." *Id.*

Plaintiff's difficulty in asserting equitable estoppel is that his own actions significantly contributed to his failure to timely file service of process. Plaintiff chose to file his Complaint before effectuating service of process. He then chose to rely on the waiver provision of Rule 4(*l*). In doing so, he failed to ensure that the waivers were filed within the required sixty day period. Plaintiff's counsel knew or should have known of the necessity of filing timely service of process. *See id.* (holding that "[i]t was the responsibility of plaintiff's attorney …to be aware of the applicable limitations period and to ensure that his client's claims did not expire").

2

It is clear that no agreement was reached regarding the tolling of the statute of limitations, and Dr. Eisemann did not make any promises in this regard. Moreover, as the e-mail from Plaintiff's counsel dated December 14, 2009 shows, Plaintiff's counsel was the one who asked defense counsel to hold onto the waivers, and in the e-mail, he asks defense counsel to continue to hold the waivers. By the date of the December 14 e-mail, Plaintiff's time to properly file the waivers had already expired. Plaintiff was not misled into failing to file the waivers. Equitable estoppel is, therefore, inappropriate on these facts, and Plaintiff's claim against Dr. Eisemann is barred by the statute of limitations.

ORDER

Defendant's Motion to Dismiss is *granted*.

Dated at Rutland, Vermont this 20th day of September, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge

3