2012 VT 40

**Gene A. BEEBE v. Allan D. EISEMANN, M.D., Allan Eisemann, M.D., PLC, Rutland Hospital, Inc., Paul Daverson, DDS, and Fair Haven Dental Clinic, LLC**

[49 A.3d 160]

No. 11-365

¶ 1. June 18, 2012. Plaintiff appeals from the trial court's dismissal of his medical malpractice action for failing to satisfy the applicable statute of limitations. Plaintiff argues that the Eisemann defendants are equitably estopped from invoking the statute of limitations. We affirm.

¶ 2. Plaintiff alleges that defendant Allan D. Eisemann, M.D., practicing through defendant Allan Eisemann, M.D., PLC (collectively "Dr. Eisemann" or "defendant"), negligently failed to advise plaintiff or his dentist of known risks associated with a tooth extraction while plaintiff was taking intravenous doses of a medication called Zometa, prescribed by defendant to treat multiple myeloma. Defendant allegedly approved the procedure, and plaintiff's dentist extracted the tooth on October 9, 2006. Following the procedure, plaintiff developed osteonecrosis of the jaw.

¶ 3. To the extent that the parties have introduced matters beyond the bare pleadings into the record, we review those issues pursuant to a summary judgment standard. *Cavanaugh v. Abbott Labs.*, 145 Vt. 516, 520, 496 A.2d 154, 157 (1985) ("matters outside the pleadings . . . correctly considered" under summary judg-

ment standard). Accordingly, we review the record in the light most favorable to plaintiff as the nonmoving party. *Chase v. Agency of Human Servs.*, 2011 VT 31, ¶ 14, 189 Vt. 613, 19 A.3d 167 (mem.). From that perspective, the relevant facts are as follows.

¶ 4. All parties agree that the limitations period for plaintiff's malpractice claims pursuant to 12 V.S.A. § 521 was due to expire on October 9, 2009. By letter dated September 16, 2009, plaintiff's counsel proposed to Dr. Eisemann's counsel and other potential defendants a "time out" agreement, tolling the statute of limitations for ninety days so the parties could pursue settlement. Although Dr. Eisemann signed off on the agreement, not all of the defendants did.[*]

¶ 5. As a result of plaintiff's failure to reach an agreement on tolling with all of the defendants, plaintiff filed a summons and complaint on October 7, 2009 against all of the defendants in the trial court. On October 15, 2009, plaintiff's counsel sent a letter to the defendants' lawyers informing them that a summons and complaint had been filed in the matter, and requesting that their clients sign and return acceptances of service. In this letter, plaintiff's counsel requested that the acceptances be returned at defendants' "earliest opportunity," but stated that he would not file the acceptances with the court without notice "so that this lawsuit will not be open to public inspection given the practice of the [court] not to make the litigation file open to the public until proof that all defendants have been served."

¶ 6. Counsel for Dr. Eisemann signed the acceptance of service on October 20,

_____

[*] Plaintiff ultimately filed suit against other defendants associated with his care; those defendants are not parties to this appeal.

2009, but apparently did not return the acceptance to plaintiff. On December 14, 2009, plaintiff's counsel sent an email to one of Dr. Eisemann's lawyers stating:

> No wonder I couldn't find the Acceptance. I had forgotten that Dave[, Dr. Eisemann's attorney,] was to hold the Acceptance until further notice. My mistake . . . sorry. In any event, Dave should continue to hold the Acceptance as planned so that you all can evaluate the file.

¶ 7. Counsel for Dr. Eisemann returned the acceptance of service to plaintiff's counsel on January 13, 2010. Plaintiff did not file the acceptance with the court at that time.

¶ 8. The trial court dismissed the case on its own motion on April 15, 2011, based on plaintiff's failure to prosecute his claim; over six months had passed since plaintiff had filed his complaint and plaintiff had not filed proof of service with the court. Three days later, on April 18, 2011, plaintiff filed the signed acceptances of service. The court granted plaintiff's V.R.C.P. 60(b) motion to reopen the case on April 25, 2011, on the basis that failure to file proof of service with the court is not grounds for dismissal if service was, in fact, properly effectuated. Plaintiff filed an amended complaint on April 27, 2011.

¶ 9. On June 6, 2011, Dr. Eisemann filed a motion to dismiss plaintiff's complaint on the ground that because plaintiff had not filed the acceptances of service within sixty days of filing the complaint, service was not complete within that time, and the statute of limitations thus barred plaintiff's claims. The trial court granted the motion, viewing plaintiff's request that defendant voluntarily accept service as a request for waiver of service of summons pursuant to V.R.C.P. 4(*l*) and citing our decision in *Fercenia v. Guiduli,* 2003 VT 50, ¶ 8, 175 Vt. 541, 830 A.2d 55 (mem.) (pursuant to V.R.C.P. 3 and 4(*l*),

claims of plaintiff who filed complaint within one day of the expiration of the limitations period, secured a waiver of service within sixty days, but failed to file that waiver in court within sixty days of filing the complaint were barred by statute of limitations). In granting Dr. Eisemann's motion, the trial court rejected plaintiff's argument that equitable estoppel overcomes defendant's statute of limitations defense. Plaintiff appealed.

¶ 10. On appeal, plaintiff does not argue that he legally satisfied the statute of limitations, but argues that equitable estoppel precludes defendant from invoking the statute of limitations. Specifically, plaintiff argues that "estoppel by acquiescence" should have prevented Dr. Eisemann from asserting the statute of limitations. Plaintiff argues that Dr. Eisemann was aware that the parties were operating under a de facto agreement to ignore the time period within which plaintiff was to file the waiver of service, and, in effect, to toll the statute of limitations indefinitely while the parties negotiated.

¶ 11. In support of his argument, plaintiff points to a letter that he sent to the trial court, copying defendant, on March 23, 2010, in which he informed the court of "an agreement among counsel" to delay the filing of acceptances in order "to provide sufficient time for review of the facts and settlement discussions"; plaintiff argues that Dr. Eisemann's failure to dispute, object to, qualify, correct, or "otherwise challenge[] anything in the March 23, 2010 letter . . . amounted to an acquiescence about the asserted agreement which memorialized the extensive document review and analysis time made possible by [plaintiff's] delay in filing the acceptances." Plaintiff further alleges "an understanding between the parties, albeit tacit, that [plaintiff] would refrain from filing the Acceptances allowing Eisemann extended time to analyze his claims without having to respond formally to the

Complaint and thereby preserving the possibility of an out-of-court settlement with publicity unwanted by [plaintiff]."

¶ 12. We review the trial court's conclusions regarding issues of law de novo. *In re Soon Kwon*, 2011 VT 26, ¶ 7, 189 Vt. 598, 19 A.3d 139 (mem.). Absent sufficient evidence to support the claim of equitable estoppel or equitable tolling, a "plaintiff's failure to file [a defendant's] waiver of service within the time required by the rules constitute[s] a failure to properly commence plaintiff's action and toll the applicable statute of limitations." *Fercenia*, 2003 VT 50, ¶ 12.

¶ 13. Plaintiff has the burden of establishing four elements in order to prevail on his equitable estoppel claim: (1) "the party to be estopped must know the facts"; (2) "the party being estopped must intend that his conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended"; (3) "the latter must be ignorant of the true facts"; and (4) "the party asserting the estoppel must rely on the conduct of the party to be estopped to his detriment." *Beecher v. Stratton Corp.*, 170 Vt. 137, 140, 743 A.2d 1093, 1096 (1999) (quotation omitted). The doctrine "will not be invoked in favor of one whose own omissions or inadvertences contributed to the problem." *Id.* (quotation omitted).

¶ 14. With respect to the second factor, plaintiff does not allege any evidence to show that defendant undertook some action intended to induce plaintiff's reliance. The record reflects that Dr. Eisemann signed the acceptances sent by plaintiff and that Dr. Eisemann's counsel held the executed acceptance of service *pursuant to plaintiff's request*. Plaintiff does not allege that Dr. Eisemann withheld the acceptance with promises not to invoke the statute of limitations, failed to timely sign and return the acceptance after promising to do so, or took any other affirmative action designed to induce plaintiff's reliance.

¶ 15. Instead, plaintiff relies heavily on defendant's failure to correct or contradict the representations in his March 23, 2010 letter to the trial court, copied to counsel, describing a claimed agreement among the parties to essentially toll the statute of limitations. Because, in the absence of estoppel, plaintiff was required to file waivers of service within sixty days of filing his complaint, we focus our analysis on defendant's conduct through December 6, 2009. Insofar as plaintiff sent this letter more than three months *after* plaintiff's deadline for filing the waivers with the court, and thus after the statute of limitations expired, we cannot conclude that defendant's failure to correct plaintiff's representations in that letter supports plaintiff's estoppel claim.

¶ 16. Moreover, we conclude that plaintiff cannot rely on the doctrine of equitable estoppel because his own "omissions or inadvertences" contributed to the problem. Plaintiff chose to rely on Vermont Rule of Civil Procedure 4(*l*) to effectuate service of process, and was responsible for complying with the requirements of the Vermont Rules of Civil Procedure. See *Fercenia*, 2003 VT 50, ¶ 13 ("We require plaintiffs to strictly comply with the [Rules of Civil Procedure] when expiration of the statute of limitations is an issue."); *Beecher*, 170 Vt. at 141, 743 A.2d at 1096 ("[E]ven if plaintiff's attorney was not actually aware of the limitations period, he must be charged with that knowledge."). Instead of timely filing the acceptance of service per the rules, plaintiff directed Dr. Eisemann's lawyer to hold on to the acceptance, rather than return it to plaintiff, memorializing this instruction in an email sent after the deadline for filing the waivers with the court had passed. See *Beecher*, 170 Vt. at 140, 743 A.2d at 1096 (Where plaintiff's attorney did not ask defendant's insurance adjuster, orally or in writing, to extend or waive the statute of limitations, and adjuster was seemingly unaware of

any statute of limitations problem, we refused to invoke equitable estoppel in favor of plaintiff: "Given the adversarial nature of the relationship between plaintiff's attorney and the adjuster, the superior court properly concluded that the [plaintiff's] attorney acted unreasonably in allowing the limitations period to expire without confirming that defendant was willing to waive or extend the period while the parties continued settlement negotiations."). In the face of this record, plaintiff cannot invoke equitable estoppel to avoid the statute of limitations.

¶ 17. Plaintiff argues that estoppel-by-acquiescence is a separate legal doctrine, distinct from that articulated in *Beecher*. The cases relied upon by defendant reflect the notion that estoppel-by-acquiescence arises where the party being estopped is silent in the face of a duty to speak. See, e.g., *Palmer v. Welch*, 154 S.W. 433, 438 (Mo. Ct. App. 1913); *Mettler v. Rocky Mountain Sec. Co.*, 219 P. 243, 245 (Mont. 1923).

¶ 18. Assuming that estoppel-by-acquiescence is a subspecies of the general estoppel doctrine described above, we affirm the trial court's ruling even applying this more specific formulation advocated by plaintiff. Dr. Eisemann was under no "duty to speak" at any time prior to the expiration of plaintiff's deadline for filing the waivers. He had no duty to affirmatively remind plaintiff to secure and file the acceptance within the period prescribed by the Rules of Civil Procedure. Moreover, plaintiff's formulation of the doctrine does not eliminate the omissions or inadvertences that plague plaintiff's claims. Plaintiff's failure to enter into a tolling agreement, timely file Dr. Eisemann's waiver of service, seek judicial relief from the applicable deadlines, or effectively serve Dr. Eisemann within the limitations period via other means cannot be cured by Dr. Eisemann's silence in the face of a letter sent past all conceivable deadlines for perfecting service.

*Affirmed.*