VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-309

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2025

| | |
|---|---|
| Adriana Cunha-Salomon et al.* v.<br>Williamson Group, LLC d/b/a Williamson<br>Group Sotheby's International Realty | } APPEALED FROM:<br>}<br>}<br>} Superior Court, Windsor Unit, Civil Division<br>} CASE NO. 24-CV-00631<br>} Trial Judge: H. Dickson Corbett |

In the above-entitled cause, the Clerk will enter:

Plaintiffs[1] appeal the dismissal of their complaint for failure to timely serve defendant. We affirm.

The record contains the following facts.  Plaintiffs purchased property in Barnard, Vermont on February 15, 2021.  Plaintiffs did not have a real estate broker or agent, but were represented by counsel at the closing.  Defendant was the listing agent for the seller.  Several months after purchase, plaintiffs discovered that a neighbor held an easement across the property.  On February 14, 2024, plaintiffs, representing themselves, filed this civil action against defendant, alleging invasion of privacy and negligent infliction of emotional distress. Plaintiffs sent a copy of the complaint and summons along with other documents to defendant in February 2024.  An accompanying letter requested that defendant waive service within thirty days and indicated that if defendant did not, plaintiffs would "proceed to have [defendant] served by a duly authorized sheriff or constable."  In a March 21, 2024 letter, defendant's counsel responded to plaintiffs and directed plaintiffs' attention to the pre-suit mediation requirement in their purchase-and-sale agreement, requesting that plaintiffs dismiss the lawsuit and pursue mediation.  Defendant did not file anything into the civil suit and plaintiffs did not dismiss the suit.  The parties engaged in mediation, but it was unsuccessful.

On June 11, 2024, after there had been no action in the civil case, the court sent plaintiffs a warning of possible dismissal advising them that the court had not yet received proof that

---

[1]  The suit was filed by plaintiffs Adriana Cunha-Salomon and Gabriel Evensen.  The complaint alleged that plaintiff Evensen was the named purchaser of the property and plaintiff Cunha-Salomon paid for the property.  On appeal, defendant has not challenged the inclusion of either party or alleged that they have different rights or interests and therefore we refer to them collectively as plaintiffs.

plaintiffs had served defendant, and the case would be dismissed for lack of progress if they did not file proof of service within thirty days. On June 26, 2024, plaintiffs filed a document with the court, labeled "Motion for Instructions." Plaintiffs requested that the court accept defendant's letter of March 21, 2024, as proof of service or give plaintiffs an additional thirty days to serve defendant through the sheriff's department.

On July 11, 2024, defendant moved to dismiss for lack of service. Defendant alleged that plaintiffs had not served defendant within sixty days of filing the complaint and that its letter to plaintiffs did not amount to proof of service because defendant did not waive service, and plaintiffs did not demonstrate personal service of the summons and complaint as required by the civil rules. On July 12, 2024, the sheriff effected personal service on defendant, and proof of service was later filed with the court. Defendant filed a supplemental motion to dismiss, arguing that even though service had been completed, it was untimely, and the case should be dismissed with prejudice.

The court granted the motion in part, dismissing the case without prejudice. The court found that plaintiffs served the summons and complaint on defendant 149 days after the complaint was filed, and this untimely service entitled defendant to dismissal. The court declined to extend time for service, concluding that plaintiffs had not shown excusable neglect or good cause because the delay in service was due to matters wholly within plaintiffs' control, including the delay to complete mediation. The court also concluded that equitable estoppel did not apply because there was no unfair inducement by defendant's attorney that caused the delay in service. Plaintiffs appeal.

When a suit is commenced by filing a complaint, the plaintiff must serve the defendant within sixty days. V.R.C.P. 3(a) ("When an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days after the filing of the complaint."); see Doe v. Camacho, 2024 VT 72, ¶ 22 (noting that "Rule 3 unambiguously requires that a plaintiff who commences an action by filing a complaint serve all defendants within sixty days"). If service is not timely made, the action may be dismissed. V.R.C.P. 3(a). Generally, the proper method of service requires that the summons and complaint be served by a sheriff or similarly authorized person. V.R.C.P. 4(c), (d). The return of service must then be filed with the court. V.R.C.P. 4(i). The time to complete service may be extended for good cause, but the party must show excusable neglect if the request to extend is made after the period for service expires. See V.R.C.P. 6(b)(1)(B) (allowing extension of time for good cause and "on motion made after the time has expired if the party failed to act because of excusable neglect"). We review the court's decision to dismiss and its denial of plaintiffs' request for an extension for an abuse of discretion. See Clark v. Baker, 2016 VT 42, ¶ 20, 201 Vt. 610.

On appeal, plaintiffs first argue that the sixty-day requirement should not be strictly enforced against them because they are representing themselves and they believed that service was timely made based on defendant's March 21 letter and information on the judiciary website they allege indicates that service is sufficient if it puts the other party on notice. Plaintiffs emphasize that defendant was aware of plaintiffs' suit as evidenced by the March 21 letter from defendant's attorney.

The court acted within its discretion in finding that plaintiffs had not served defendant within sixty days as required by the civil rules. The fact that plaintiffs represented themselves was not itself a basis for the court to exempt them from following the rules. Procedural rules are used to provide uniformity and regularity for all litigants and the court does not abuse its

discretion by enforcing those rules against self-represented parties. In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 21, 188 Vt. 262. Although plaintiffs sent defendant a letter, this did not suffice as proper service. See V.R.C.P. 4(c), (d). Indeed, plaintiffs' letter to defendant acknowledged that proper service had not yet been accomplished and indicated that if defendant did not submit a waiver of service, then plaintiffs would serve by sheriff. Defendant's March 21 response to plaintiff did not amount to proof of service as defendant neither waived service nor acknowledged completion of personal service.

Plaintiffs also contend that the court had discretion to extend the time for them to complete service. Because plaintiffs' request for an extension came after the period had expired, plaintiffs had to show good cause for the extension and that their failure to act was the result of excusable neglect. V.R.C.P. 6(b)(1)(B). Plaintiffs argue that the court abused its discretion in declining to find excusable neglect. See Shields v. Gerhart, 163 Vt. 219, 221 (1995) (reviewing trial court's decision regarding request for extension of time for excusable neglect for an abuse of discretion). "Excusable neglect requires, at a minimum, some reasonable basis for noncompliance within the allotted time period." Miller v. Ladd, 140 Vt. 293, 297 (1981) (per curiam). Mere oversight or ignorance of the rules are not sufficient to show excusable neglect. Shields, 163 Vt. at 221 (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2858 (1973)). Otherwise, there would be no limits upon extensions of time for any reason. Miller, 140 Vt. at 297. Here, the court found that the delay in service was attributable to plaintiffs' failure to follow the contractual pre-suit mediation requirement, and this was a requirement known to plaintiffs and within their control to comply with. The court acted well within its discretion in denying the request to extend time on this basis. See id. at 297-98 (explaining that abuse of discretion is found "only upon a showing that the court withheld it altogether, or that it exercised it for clearly untenable reasons or to an extent clearly untenable").

Plaintiffs next contend that equitable estoppel precludes defendant from alleging untimely service.[2] To prove equitable estoppel, a plaintiff has the burden to demonstrate four elements:

> (1) the party to be estopped must know the facts; (2) the party being estopped must intend that his conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the conduct of the party to be estopped to his detriment.

Beebe v. Eisemann, 2012 VT 40, ¶ 13, 192 Vt. 613 (mem.) (quotations omitted). Equitable estoppel is not invoked for a party "whose own omissions or inadvertences contributed to the problem." Id. (quotation omitted). We review the trial court's conclusion regarding application of the doctrine without deference. Id. ¶ 12.

Here, plaintiffs assert that defendant's attorney induced them into thinking that service had been accomplished and then moved for dismissal on that basis. Plaintiffs acknowledge that they were aware of the duty to serve but did not have the sheriff serve because they believed in

---

[2] Defendant argues that the issue of equitable estoppel was not preserved for review because it was raised by the trial court and not argued by plaintiffs in the civil division. We need not resolve whether the issue was properly preserved because we conclude that even if preserved plaintiffs have not established the elements of the claim.

good faith that defendant accepted service through the March 21 letter.  Plaintiff's good-faith belief is insufficient to establish equitable estoppel.  Under the second element, plaintiffs must show that defendant took some action intended to induce plaintiffs' reliance.  Plaintiff has not presented any facts to show that defendant's action was intended to lead plaintiffs into believing that they had satisfied the service requirement.  The March 21 letter did not contain any inducement to delay service or representation that service had been accomplished.  The letter explained defendant's position that the contract required mediation prior to suit.  Defendant did not indicate that it was waiving service or that the notification of suit was sufficient to accomplish service.  Therefore, plaintiffs have not established that equitable estoppel applies.

Affirmed.

BY THE COURT:

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

4